Benjamin Gray, Adm'r of Philo Wheelock, *v.* Clark &  Washington,
                                    Putnam.                July,
                                                        1839.

In the construction of contracts the first rule to be regarded is, to make
   them speak the intention of the parties, as gathered from the entire trans-
   action.   All other rules are subordinate to this one, and when they con-
   travene it are to be disregarded.
Nice grammatical construction is not always to be regarded, especially
   when instruments are inexpertly drawn.
When a term or phrase is equivocal, in regard to the subject to which it re-
   fers, resort may be had to the circumstances under which the contract
   was executed, and the contemporaneous exposition of the parties, as ev-
   idenced by possession and other similar acts.

Ejectment for a third of an acre of land in Marshfield.    Plea,
not guilty, and trial by jury.

Upon the trial in the court below, it appeared in evidence,
that on the 26th day of July, 1826, Luther Hunt deeded the
land in controversy, with some sixty seven acres more, to
Eli Wheelock, and the lands so deeded are described as fol-
lows:

" All that part of lot No. three in the fifth range of lots in
said town, meaning to convey all that part of said lot that
was deeded to me by Daniel Wilson on the 20th day of Au-
gust, 1823, bounds the same, being more or less; also, about
one third of an acre of land of lot No. three, in the fifth
range, lying south of the road, bounded westerly by the land
conveyed to the school district, north by the road, easterly
by the western line of Mr. Carleton, meaning the same land
that Luther Hunt's buildings stand on, having recourse to
the deed from English to said Wilson for more particular
bounds."

The consideration of this deed was eight hundred and
fifty dollars.

On the same 26th of July, 1826, Wheelock executed to
said Hunt, for the consideration of eight hundred dollars,
a mortgage deed of lands described as follows: "all that part
of lot No. three in the fifth range of lots in said town, mean-
ing to convey all that part of said lot that Luther Hunt deed-
ed to me this day, excepting seventeen acres lying in the
southeast corner of said lot, also including one quarter of
an acre which James English deeded to Daniel Wilson, and

Washington,
July,
1839.
———
Adm'r of
Wheelock
v.
Clark & Put-
nam.

Wilson to Hunt, to Wheelock," to secure the payment of eight hundred and fifty dollars, specified in four promissory notes, in the condition of said mortgage deed mentioned.

The land in controversy is the piece described in the last mentioned deed as one quarter acre which James English deeded to Daniel Wilson.

Wheelock continued in possession of the premises until the 29th of January, 1830, when he executed to the plaintiff's intestate a mortgage deed to secure her maintenance during her life, and soon after absconded, and wholly failed to perform the condition of this last mortgage. Afterwards, in March, 1832, Hunt brought a bill of foreclosure against Wheelock and the plaintiff's intestate, obtained a final decree, took possession of the premises, and conveyed them to one Damon, who deeded them to the defendant. It was admitted that Hunt had a good title to the land when he conveyed to Wheelock, and that the plaintiff was entitled to recover, unless the land in question was conveyed to Hunt by Wheelock's mortgage deed to him, but if the land was not conveyed to Hunt by that deed, then the defendants were entitled to a verdict.

The county court directed the jury to return a verdict for the defendants, and the plaintiff excepted.

*A. Spalding* and *L. B. Peck*, for plaintiff.

*Wm. Upham* and *O. H. Smith*, for defendants.

The opinion of the court was delivered by

REDFIELD, J.—The only question to be determined in this case is, whether the land in question was included in the exception in Whelock's mortgage deed to Hunt, or in the grant.

All the land referred to in this deed originally belonged to Hunt, and had all, that day, been deeded to Wheelock.—The notes secured by the mortgage were a portion of the consideration of the purchase, and, from the amount, $850, being the same as the consideration expressed in Hunt's deed to Wheelock, it is presumed were for the principal part of the consideration. The land in dispute, instead of being deeded, as recited in Wheelock's deed to Hunt, by English to Wilson, and by him to Hunt, was deeded by English directly to Hunt.

Washington,
July,
1839.

Adm'r of
Wheelock
v.
Clark & Putnam.

In Hunt's deed to Wheelock, the land is described in different parcels,by reference to the deeds by which he derived his title. The mortgage deed, executed by Wheelock to Hunt to secure the consideration, from the precise correspondence in the terms of description of the estate, was manifestly copied from the deed, and, after the entire estate had been described by general terms, and the exceptions also, the dubious clause is superadded.

If we adopt the rule, *ut res magis valeat quam pereat,* we must consider this as forming a part of the exception, for as the whole estate had already been described, it would not enlarge, nor in any way render more certain, the grant, but would enlarge the exception. But this maxim in regard to the construction of deeds is but one among the very great number which the sages of the law have left us. The great object, and, indeed, the only foundation of all rules of construction of contracts, is, to come at the intention of the parties. And any rule, which leads us aside of this grand object, is to be disregarded. In the present case, from the general nature and object of the transaction and the common course of business, there can be little doubt of the intention of the parties to include the buildings, which constituted the principal value of the purchase, in the mortgage, which was executed to secure the purchase money. This view is favored, too, we think, by the manner in which the mortgage was drawn, being copied from the deed, and, in that, the different parcels being described separately, it did not probably occur to the parties, that a *general* reference to *that deed* would include all its particulars, therefore,*ex maxima cautela,* these particulars are again repeated. We ought not, therefore, to adopt a construction which will defeat the obvious intention of the parties, and produce a result which it is highly improbable, perhaps absurd, to suppose they contemplated. This view is in accordance with established rules of construction. *Cholmondeley* v. *Clinton* 2 B. &. A. Rep. 625. *Hassell* v. *Long,* 2 M. & S. 363.

It has been repeatedly said that, in the interpretation of contracts, a nice grammatical construction is not always to be regarded. *Cromwell* v. *Grunsden,* 1 Ld. Raym. 335.— Salk. 462. *Fountain* v. *Gauvers,* 2 Show. R. 333. 7 Peterds. Ab. 139. Hence we are under no necessity of re-

Washington,
July,
1839.

Adm'r of
Wheelock
v.
Clark & Put-
nam.

ferring the word "including" to the next immediate antecedent "excepting." The term "including" may have reference to the deed, as well as the exception. And, it is evident, the most natural and obvious import of the word is, "including" in the deed, and not in the exception.

But, at most, the term "including," in its connection, is equivocal. In such cases, resort may always be had to the circumstances under which the contract was executed, and the contemporaneous construction given to it by the parties, as evidenced by possession or other similar acts. *Attorney General* v. *Parker*, 3 Atk. R. 576. *King* v. *Varlo, Cowper*, 248. *Bainbridge* v. *Stathom*, 7 Dowl. & Ryl. 141, (16 Eng. C. L. 299.) *Wadley* v. *Bayliss*, 5 Taunt. R. 752. (Eng. C. L. 252.) *Jackson* v. *Wood*, 13 Johns. 346. In this view, it is evident that the construction contended for by the defendant must prevail. For the land has always been claimed and held under the deed by defendant, and that claim fully acquiesced in by plaintiff for many years, without any pretence of claim on his part, so far as appears in the case.

In every view of the case, then, we think the construction given to the deed by the county court must prevail.

Judgment affirmed.

NOTE.—During this term, Ch. J. Williams, from ill health, was unable to be present at the hearing of all the cases, and, for the same reason, did not deliver any opinions.