## PAMELIA YOUNG v. ORRIN H. YOUNG.

### [In Chancery.]

#### Conditional Deed for Future Support.    Parol Evidence.

1.  The general rule is that when future support is secured by a conditional deed or mortgage, and no place is designated where the support is to be furnished, the person to be supported has a right to choose where he will live, provided he does not impose an unreasonable expense upon the party obligated to provide the support.

2.  When a deed or mortgage conditioned for future support is ambiguous and refers to a former agreement, parol evidence is admissible to prove where the support is to be furnished.

Bill in Chancery.  · Heard on a special master's report, June Term, 1886, Ross, Chancellor.    Decree that the defendant pay to the oratrix the sum of $200 for her support yearly so long as she shall live, payable semi-annually, and in default of payment, to be foreclosed of all equity in the premises. The master was Judge Poland, who found, among other things :

"The oratrix is the widow of Obadiah Young, and the defendant is the son of the oratrix and the said Obadiah.    On the 18th day of June, 1866, the said Obadiah Young and his

wife conveyed to the defendant the home farm of said Obàdiah in Waterford. The deed was in the ordinary form of a war- rantee deed. [The condition in deed is set out in the opinion.]  *  *  *

"The defendant had come home to live some time before this deed was given under a verbal agreement similar to that expressed in the condition in the deed. The defendant carried on the farm, and his father and mother lived with him till 1870, when the father died. The defendant remained un- married till the fall of 1882, and his mother had the general charge and control of the housework and household affairs, with such occasional female help as was needed, up to the time of defendant's marriage. The defendant married a wife in the fall of 1882, and his wife took her place as the mistress and head of the household department. Matters went on ostensibly in a peaceable way, but the natural consequences followed, that the old lady was not as contented and happy in the subordin- ate station, as when she ruled in the domestic department. In the summer of 1883 the oratrix fell sick, and her daughter, Mrs. Newton, went to the defendant's to take care of her, and remained there till about the middle of September, 1884. Not very long after Mrs. Newton went to defendant's, difficulty arose between Mrs. Newton and defendant, and the same grew and increased in intensity, and the oratrix entered into the same feeling with Mrs. Newton, and became hostile in her feel- ings to the defendant and his wife.  *  *  *

"I do not find that the defendant was guilty of any breach of the conditions of said deed by neglecting or refusing proper support for the oratrix, at his own house, which is the same place conveyed to him as above.  *  *  * Considering the relative situation of the parties to that arrangement and their relationship; the purpose and object of the arrangement; the character of the property conveyed to Orrin, and charged with his mother's support; and the practical construction given to said contract by the parties for many years, and construing the language of the condition of the mortgage in the light of all these surrounding circumstances, I have no doubt but that the mutual understanding and expectation of all the parties to said arrangement was, that said Orrin H. should support his mother in her old home and not elsewhere, and I so find; but my find- ing is based wholly on the matters and circumstances above set forth."

In December, 1884, Mrs. Green, the defendant's sister, removed the oratrix to her home, where she has since been kept.

*Bates & May*, for the defendant.

The finding of the master is conclusive that the oratrix is bound to accept her support at her old home. Parol evidence was admissible .to show where the maintenance was to be afforded. 34 Me. 187; *Norton* v. *Webb*, 35 Me. 218. *Parker* v. *Parker*, 126 Mass. 433, is directly in point. *Knapp* v. *White*, 23 Conn. 529.

This case stands precisely like any other contract. The rule is settled beyond question that collateral circumstances may designate the place of performance of contract. 2 Par. Cont. 649; *Brown* v. *Leach*, 35 Me. 39; *Norton* v. *Webb*, 35 Me. 218; *Wales* v. *Mellen*, 1 Gray, 512; *Mason* v. *Mason*, 67 Me. 546.

The contract of support and the deed were not contemporaneous. The contract had been made some years when the deed was executed. Evidence was admissible to show the circumstances. *Reynolds* v. *Hassam*, 56 Vt. 449; *Abbott* v. *Marshall*, 48 Me. 44; *Packard* v. *Richardson*, 17 Mass. 122; *Fiske* v. *Fiske*, 20 Pick. 503; *Pette* v. *Case*, 2 Allen, 346; *Joslyn* v. *Parlin*, 54 Vt. 670; *Adams* v. *Smilie*, 50 Vt. 7. The deed does not attempt to set out the contract, and its terms must be determined to decide whether they have been broken. It will be noticed, however, that the master does not base his findings upon parol testimony, but upon the surrounding circumstances. There was no ruling by the chancellor on this point, and it must now stand. *Merrill* v. *R. R. Co.* 54 Vt. 200. No exceptions were filed to the report. See *Dix* v. *Batchelder*, 55 Vt. 562; *Winship* v. *Waterman*, 56 Vt. 181. In such case, the court will not revise the master's conclusions in matters of fact. *Bruce* v. *Ins Co.* 58 Vt. 253; 2 Dan. Ch. 1317; *Miller* v. *Miller*, 26 N. J. Eq. 424; R. L. s. 727.

*Nichols & Dunnett*, for the oratrix.

The question is whether the defendant is bound to support the oratrix at any other place than at his own home.

This class of contracts for support have often come before the courts, and it has almost universally been held that when no place of performance is specified in the contract, the party to be supported has the right to select his place of residence and place where he will receive the support contracted for, provided the party obligated to furnish the support is not thereby put to unreasonable and needless expense. *Wilder* v. *Whittemore*, 15 Mass. 262 ; *Thayer* v. *Richards*, 19 Pick. 368 ; *Fiske* v. *Fiske*, 20 Pick. 499 ; *Hubbard* v. *Hubbard*, 12 Allen, 586 ; *Pettee* v. *Case*, 2 Allen, 346 ; *Flanders* v. *Lamphere*, 9 N. H. 201 ; *Holmes* v. *Fisher*, 13 N. H. 9 ; *Rowell* v. *Jewett*, 69 Me. 293 ; *Lamb* v. *Clark*, 29 Vt. 273 ; *Borst* v. Crommie, 19 Hun, 209 ; *Savings Bank* v. *Holt*, 58 Vt. 166 ; *Joslyn* v. *Parlin*, 54 Vt. 670 ; 1 Jones Mort. 391 ; 2 Wash. Real Prop. 66.

The contract is complete and needs no construction. When parties have constituted the writing to be the only visible expression of their meaning, no other words are to be added to it, nor substituted in its stead. The duty of the court is to ascertain not what the parties may have secretly intended, but what is the meaning of the words they have used. It is merely a duty of interpretation ; that is, to find out the true sense of the words as the parties used them. 1 Greenl. Ev. s. 277.

The referee exceeded his jurisdiction in transforming the written agreement to support into a contract to support at a particular place. *Gove* v. *Downer*, 7 Atl. Rep. 463 (*ante*, 139).

The opinion of the court was delivered by

Royce, Ch. J. The general rule is that where support is secured by a conditional deed or mortgage, and no place is stipulated where the person to be supported is to receive the support, he has the right to be supported wherever he may choose to live, provided he does not impose any unreasonable

expense on the party obligated to furnish the support; and the condition of the deed is broken by declining to pay for the board of the party to be supported at a suitable place. 1 Jones on Mort. s. 391.

The condition inserted in the deed from Obadiah Young and his .wife, the oratrix, to the defendant Orrin Young, is in the following language : " Provided nevertheless, and the conditions of this deed are such, that having entered into an agreement with the said Obadiah and Pamelia Young, therein agreeing to maintain my mother, Pamelia Young, during her natural life, by furnishing her suitable raiment, food, nursing and medical attendance, and all other things necessary for her comfort, both in health and sickness, now if said Orrin do and perform as expressed for him to do, then this deed to be good and valid ; otherwise, if he. shall neglect or refuse to do as above specified, then this deed to be null and void."

The oratrix claims that there has been a breach of that condition, and the bill is brought, treating the conditional deed as a mortgage, to foreclose the equity of redemption.

The master has found that the defendant was not guilty of any breach of the conditions of said deed by neglecting or re-refusing proper support for the oratrix at his own home, which is the same place conveyed to him by said deed. That finding is conclusive against the claim made by the oratrix, if it was based upon competent evidence.

The finding was based upon what appeared to the master as to the relative situation of the parties to the arrangement, their relationship, the purpose and object of it, the character of the property charged with the support, and the practical construction given to the contract by the parties for many years. And construing the language of the condition in the light of these facts and circumstances, he reports that he had no doubt but that the mutual understanding and expectation of the parties to the arrangement was that Orrin should support his mother at her old home and not elsewhere, and so found. It does not appear that the evidence tending to show the above facts and

Young *v.* Young.

circumstances was objected to. And so the question is presented as to the propriety of considering them in ascertaining the place where the support was to be furished.

It is claimed by the oratrix that the facts and circumstances above alluded to, if allowed to affect the construction of the contract recited in the deed, would alter and vary it, and so should not be allowed. We do not so understand the law. They do not vary or impair the obligation to furnish the support, and only explain the place where it was agreed and understood it should be furnished. It will be noticed that the condition in the deed does not profess to recite the entire contract, but refers to an agreement that had been entered into. The place where it was to be furnished was not named, and without explanation it would be left as a fact to be inferred from the language used; and as that language was ambiguous, it was competent to consider the facts and circumstances developed upon the hearing as explanatory of that ambiguity. 1 Addison on Contracts, 183; *Gary* v. *Clark*, 11 Vt. 583; *Barker* v. *T. & R. R. Co.*, 27 Vt. 766; *Thompson* v. *Prouty*, Ib. 14; *Richmond* v. *Woodard*, 32 Vt. 833. In *Joslyn* v. v. *Parlin*, 54 Vt. 670, the court in construing a contract for future support say that courts must construe such contracts in the light of all legitimate surrounding circumstances.

The intention of the parties to a contract is to be ascertained by applying its terms to the subject-matter; and the admission of parol testimony for that purpose does not infringe upon the rule that makes a written instrument the proper and only evidence of the agreement contained in it. Central Reporter, vol. 7, No. II., 886. It is not necessary to notice the question made as to the proper parties.

The decree of the Court of Chancery is reversed and cause remanded, with mandate that the bill be dismissed with costs.