## MARY POWERS *v.* WINFIELD S. MASTIN ET AL.

*Mortgage conditioned for support ; in absence of agreement, who to elect where to be furnished.*

Petitionees executed and delivered to petitioner a mortgage deed of certain premises conditioned for her support during her lifetime. The mortgage deed was silent as to where such support should be furnished.

*Held,* that the petitioner might select the place where she would receive her support, provided she did not thereby impose an unreasonable burden, by way of expense, upon the petitionees.

Petition to foreclose a mortgage; heard on master's report at June Term, 1889, Royce, Chancellor. Decree for petitioner. Petitionees appeal.

The petitioner was the wife of Jehial Powers and petitionees were son-in-law and daughter of said Jehial and wife. Said Jehial died in March, 1886. At his decease he owned a farm in that part of Lyndon called "Red Village" worth $1200 or $1400. He left as heirs to said estate, said wife and several children, of whom said petitionee, Mary, was one. One William P. Houghton was duly appointed administrator of said Jehial's estate. An oral agreement was made between the heirs and administrator whereby the administrator was to procure a license from the Probate Court and convey said premises to the petitioner, who was then to convey the same to the petitionee, Mary, and take back a mortgage conditioned for her support; which arrangement was subsequently carried into effect. The mortgage deed was silent as to where such support should be furnished. The petitioner elected to receive support on the old farm, but this support the petitionees refused to furnish. She then selected the house of one Ladd as a place to receive her support. The petitionees also refused to furnish this support, but offered to support her at their home in Lyndonville, which support she refused to accept. The master found that any one of the three places was suitable for her support. After the execution of said

mortgage and before the bringing of this suit, the petitionees conveyed said premises to a third party subject to said mortgage. The petitioner claimed that the petitionees, by reason of having refused to support her according to her election as aforesaid, had broken the condition of said mortgage deed, and accordingly brought this petition praying for a foreclosure of the same.

*Edwards & Burke* and *Geo. W. Cahoon*, for the petitionees.

To oblige the petitionees to support the petitioner on the old farm or elsewhere outside of their own family, would, under the circumstances of this case, be imposing a needless and unreasonable burden upon the petitionees, and this the mortgagee has no right to do where the contract is silent as to where the support is to be furnished. *Wilder* v. *Whittemore*, 15 Mass. 261; *Flanders and wife* v. *Lamphere*, 9 N. H. 201; *Rhodes* v. *Parker*, 10 N. H. 83; *Currier* v. *Currier*, 2 N. H. 73; *Pettee* v. *Case*, 2 Allen, 548; *Riker* v. *Fiske*, 20 Pick. 498, 504; *Hubbard* v. *Hubbard*, 12 Mass. 586; 59 Vt. 651; *Austin* v. *Raymond*, 9 Vt. 420; *Harvey* v. *Tupper et al.*, 29 Vt. 358; *Cooney* v. *Hayes*, 45 Vt. 478; 1 Jones Mort. s. 393; 17 Vt. 216; 42 Vt. 565; 6 Conn. 338; 27 Me. 242; *Joslyn* v. *Parlin*, 54 Vt. 670; 58 Vt. 375; *Young* v. *Young*, 59 Vt. 342; *Lindsey* v. *Bradley*, 53 Vt. 682; 58 Vt. 166.

*Henry C. Ide* and *Harry Blodgett*, for the petitioner.

Under the mortgage deed the petitioner had a right to elect where she would be supported, provided in making such selection she did not impose an unreasonable expense upon the petitionees; and she having selected a suitable place, the condition of the deed is broken by the petitionees having refused to support her there. *Young* v. *Young*, 59 Vt. 342; 1 Jones Mort. s. 391; *Wilder* v. *Whittemore*, 15 Mass. 262; *Thayer* v. *Richards*, 19 Pick. 398; *Fisk* v. *Fisk*, 20 Pick. 499; *Hubbard* v. *Hubbard*, 12 Allen, 586; *Pettie* v. *Case*, 2 Allen, 546; *Brust* v. *Crommie*, 19 Hun. 209; *Rowell* v. *Jewett*, 69 Me. 293; *Holmes* v. *Fisher*, 13 N. H. 9; 2 Wash. Real Prop. s. 66; *Joslyn* v. *Parlin*, 54 Vt. 670; *Savings Bank* v. *Holt*, 58 Vt. 166.

Powers *v.* Maslin et al.

The opinion of the court was delivered by

TYLER, J. This is a petition to foreclose a mortgage, and it is incumbent on the petitioner to show that the condition of her mortgage has been broken. The condition is silent as to the place where the support should be furnished, and the petitionees insist that in the light of the surrounding circumstances it should be construed as meaning that the petitionees might elect to support the petitioner in their family wherever they might reside. We hold that, construing the condition by its own terms, which are without limitation, the petitioner had the right to select the place where she would receive her support, provided she did not thereby impose an unreasonable burden, by way of expense, upon the petitionees. She selected the home farm, and this being refused her, she then selected the house of Mr. Ladd and gave the petitionees notice that she was at Ladd's on expense and should remain there until such time as the petitionees were ready to support her on the old farm. The master finds that both places selected by her were suitable for her support. *Young* v. *Young*, 59 Vt. 342, is decisive of this case.

*Decree affirmed and cause remanded.*