LORENZO RICHMOND *v.* HARVEY H. WOODARD AND OTHERS.

*Construction of Bond.    Written Instruments.*

If the name of a person in a written instrument is wrong, or applies to a wrong person, the court will correct it by construction, when it is apparent upon the face of the instrument that the error exists, and in what manner it should be corrected to carry out the intention of the parties.

The defendant, Woodard, as principal, and the other defendants as sureties, executed to the plaintiff, described therein as sheriff of Windsor County, a bond, in the penal sum of ten thousand dollars, with the following condition:—"The condition of the above obligation is such that, whereas, the above bounden Harvey H. Woodard, has been appointed by Lorenzo Richmond, sheriff as aforesaid, a deputy sheriff within and for the county of Windsor, and has taken a deputation to that effect. Now if the said Minot Wheeler shall at all times, save the said Lorenzo Richmond, sheriff as aforesaid, harmless from all damages, risk, liabilities, or causes of liability, in

54

consequence of neglect, misconduct, malfeasance, or misfeasance, in the matters appertaining to the said office of sheriff, then the above obligation is void and of no effect, otherwise in full force and effect." The name "Minot Wheeler" occurred nowhere else in the instrument. *Held* that the bond should be construed the same as if the name "Harvey H. Woodard" had been originally written therein in place of "Minot Wheeler."

DEBT on bond. Declaration for that the defendants, Harvey H. Woodard, Daniel Tarbell, Jr., Edward B. Stanley, Horatio K. Blake and Solomon Downer, "respectively, on the 27th day of December, 1852, by their writing obligatory of that date, sealed with their seals, and which the said Richmond produces here in court, jointly and severally bound and acknowledged themselves to be indebted to the said Richmond, then, as now, sheriff of Windsor county aforesaid, in the sum of ten thousand dollars, to be paid to the said Richmond, his heirs, executors and administrators, or assigns, on demand; yet the defendants, though often requested, have not, nor have any of them, paid the same, but neglect and refuse so to do."

The defendants, Woodard and Downer, craved oyer of the bond and its condition, which were as follows:

"Know all men by these presents, that we, Harvey H. Woodard, of Royalton, as principal, and Daniel Tarbell, Jr., E. B. Stanley and H. K. Blake, of said Royalton, and Solomon Downer, of Sharon, in the county of Windsor, and State of Vermont, are jointly and severally holden and stand firmly bound and obliged unto Lorenzo Richmond, of Woodstock, in the county of Windsor, and State of Vermont, Esquire, sheriff of said county of Windsor, and keeper in chief of the common jail in said Windsor County, in the sum of ten thousand dollars, current money of the United States, to be paid to the said Richmond, his heirs, executors, administrators or assigns; to which payment well and truly to be made, we jointly bind ourselves, our heirs, executors, administrators and assigns, firmly by these presents. Signed with our hands and sealed with our seals, this 27th day of December, A. D. 1852."

"The condition of the above obligation is such, that whereas, the above bounden Harvey H. Woodard, has been appointed by Lorenzo Richmond, sheriff as aforesaid, a deputy sheriff within and for the county of Windsor, and has taken a deputation to

that effect. Now if the said Minot Wheeler shall, at all times, save the said Lorenzo Richmond, sheriff as aforesaid, harmless from all damages, risk, liabilities, or causes of liability, in consequence of neglect, misconduct, malfeasance or misfeasance, in the matters appertaining to the said office of sheriff, then the above obligation is void, and of no effect, otherwise in full force and effect."

To this and the plaintiff's declaration the defendants, Woodard and Downer, demurred generally.

The county court, at the December Term, 1859, REDFIELD, Ch. J., presiding,—*pro forma* adjudged the declaration insufficient, and the plaintiff excepted.

*Charles M. Lamb,* and *A. Tracy* for the plaintiff.

*Washburn & Marsh* for the defendants.

PIERPOINT, J This case stands upon a demurrer to the plaintiff's declaration, based upon an alleged defect in the condition of the bond declared upon. The bond itself is set out upon the record; of course no question arises as to the admissibility of evidence to explain any ambiguity that may appear upon the face of the instrument. The question is one of construction alone, and to be determined solely by the light afforded by the instrument itself.

In construing written instruments, the first point to be ascertained, as a guide to its meaning, is, what was the intention of the parties; what object did they intend to accomplish when they made the instrument. When that is ascertained it is the duty of the court so to construe the contract as to effectuate that intention, provided it can be done without violating the established rules of law on the subject.

What then was the intention of these parties in making the instrument declared upon. It appears upon the face of the instrument that the plaintiff, Lorenzo Richmond, was the sheriff of Windsor county, and the bond is taken to him, describing him in his official capacity. It further appears, that one of the defendants, Harvey H. Woodard, who is the principal in the

bond, had been appointed by the plaintiff a deputy sheriff, for said Windsor county. The condition provides tath the said Richmond, sheriff as aforesaid, is to be saved harmless from all damage, risk, etc., in consequence of neglect, misconduct, etc., in matters appertaining to said office of sheriff, and in that event the bond to be void. On this state of facts, who was it that the parties intended should save the plaintiff harmless, and from what, in order to discharge the obligation of this bond. There seems to be but one rational answer to this question, and that is, that Harvey H. Woodard, was to save the plaintiff harmless from all said Woodard's neglect, or misconduct, in matters appertaining to the office of sheriff.

No question, we think, can be made, but what that was the intent and purpose of the parties.

The condition reads as follows: "Now if *the said Minot Wheeler* shall, at all times, save the said Richmond harmless," etc. We think the insertion of the name of Minot Wheeler, in this connection was clearly a mistake on the part of the person who drafted the bond, and that the error was not noticed when the bond was executed. His name does not appear in any other part of the instrument, and has no appropriate place where it is. The person who drafted the instrument shows his intention to insert the name of some person whose name had before been used in the instrument, by preceding the name with the words "the said," etc.

As we have already said, the insertion of the name of Minot Wheeler in this bond, was clearly a mistake as evidenced by the bond itself, and in this respect the bond is not in accordance with the clear intention of the parties, and to make it so requires that it should be construed the same as though the name of Harvey H. Woodard occupied the place now occupied by that of Minot Wheeler.

Can this court, without violating the established rules of construction, so construe it?

Judge Parsons, in treating of the construction of contracts, lays down the following: "An inaccurate description, and even a wrong name of a person, will not necessarily defeat an instrument. But it is said that an error like this cannot be corrected

by construction, unless there is enough besides in the instrument to identify the person, and thus supply the means of making the correction. That is, taking the whole instrument together, there must be a reasonable certainty as to the person. It is also said that only those cases fall within the rule in which the description, so far as it is false, applies to no person, and so far as it is true applies only to one, But even if the name, or description when erroneous, apply to a wrong person, we think the law would permit a correction of the error by construction, when the instrument, as a whole, showed certainly that it was an error, and also showed, with equal certainty, how the error might and should be corrected." If this rule as laid down is law, it removes all doubt as to the power of the court to correct this error by construction, for it will be conceded that the case before us comes clearly within the principle advanced. The case of the *Adm'r of Barnard* v. *Russell*, 19 Vt. 334, is a case in point. The question there arose as to the validity of a set off on execution. It was claimed to be void from uncertainty in the description of the land. In describing the place of beginning, it was said to be the north-west corner of a house; it appeared from other facts stated in the survey and the description of the lines and monuments, that the starting point must have been the southwest corner instead of the north, and unless the court could by construction substitute south in the place of north, the levy must be held invalid from uncertainty, as it would embrace no territory. The court gave the levy the same construction as though the word south had been written in the place of north, and held the levy good. This, we think, was going as far as we are required to go in this case.

In the case of *Jackson* v. *Stanley*, 10 Johns 132, a patent had been issued to a soldier in the name of David Hungerford; the land was claimed by the heirs of Daniel Hungerford as against one who claimed under one David Hungerford. Parol evidence was admitted to show that there was an error in issuing the patent, and that Daniel Hungerford was the person to whom the patent should have been issued. This was sustained, and the heirs of Daniel Hungerford held the land. If an error of this character, in such an instrument, can be corrected by the introduction of parol testimony to show the error, and how it should

be corrected, it would seem that it should be done when, as in this case, the error and the means of correcting it are both apparent upon the face of the instrument. So, too, it has been held, when the intent of the parties require it, that " or " will be stricken out, and the word " and " inserted, even though the whole force and sense of the instrument is thereby changed. These cases and others that have been referred to, fully sustained the rule laid down by Judge PARSONS.

In this case we think this bond should be construed the same as though the name of Harvey H. Woodard, had been originally inserted in the place of that of Minot Wheeler.

When this is done, Woodard becomes the party who is to indemnify the plaintiff against liabilities in consequence of his neglect or misconduct in matters appertaining to said office of sheriff, which is virtually against all his acts as deputy sheriff, inasmuch as all acts of a deputy, as such, appertain to the office of sheriff, and are regarded in one sense as the acts of the sheriff, and for which the sheriff is responsible.

Judgment of the county court reversed.