# GENERAL TERM,

November, 1866.

[Continued from *ante* page 63.]

---

SARAH WOOD *v.* WILLIAM R. COCHRANE AND JOHNSON CHAMBERLIN.

[ IN CHANCERY. ]

*Deed.    Construction.    Acknowledgment.    Parol Evidence.*

The principle is well settled in this state that, where it is perfectly apparent upon the face of a written instrument that a mere clerical error has been made, and where it is also apparent from the face of the instrument what the correction should be, to make the instrument what it would have been if the error had not occurred, courts will correct such error by construction.

C. executed a mortgage of certain premises to W., but by the certificate of the magistrate taking the acknowledgment it appeared that W., the grantee, instead of C., the grantor, acknowledged the instrument. *Held*, that, as it cannot be determined by the face of the instrument whether an error was committed in writing the name of the man who acknowledged it, or in taking the acknowledgment of the wrong man by mistake, the court would not be warranted in treating the instrument the same, and giving it the same legal effect, as though the error had not been committed.

The certificate of the magistrate of the acknowledgment of a deed is an independent instrument, complete and perfect of itself, and is neither a part of the deed nor an act of the parties. It is attached to the deed and is necessary to give such deed full effect in certain respects.

As the deed upon its face, as spread upon the record, must show a compliance with the requirements of the statute in order to give it effect as constructive notice, parol evidence cannot be brought in aid of any defect.

Wood *v.* Cochrane et al.

BILL IN CHANCERY. The oratrix sought to have a mistake in the certificate of a magistrate who took the acknowledgment of a mortgage deed, corrected by order and decree of the court, and the deed declared effectual to convey the premises. The premises in question were mortgaged by the defendant, William R. Cochrane, to Samuel F. Wood, the husband of the oratrix, who has since deceased and by will left the notes and mortgage in question to Sarah Wood, the oratrix. The deed was recorded in the land records of the town, but the certificate of the magistrate who took the acknowledgment, shows, upon its face, that it was Wood, the grantee, and not Cochrane, the grantor, that acknowledged the instrument. The premises were subsequently conveyed by Cochrane to one Waterman, and by him to Johnson Chamberlin, who was in possession at the time of bringing this bill. It was insisted on the part of the oratrix that it was Cochrane, the grantor, who, in fact, acknowledged the deed, and that the insertion of the name of Wood was a mere clerical error of the magistrate, and that the court should correct it by construction. The defendant, Chamberlin, claimed in his answer that, as he purchased the premises, for a valuable consideration and without notice of this incumbrance, the court could not correct any mistake nor make any alteration in the mortgage essential to its validity in any way affecting his rights; and that unless the instrument itself shows by inspection, with certainty, that Cochrane actually acknowledged it, the oratrix must fail. The cause was heard on bill, answer, traverse and testimony, at the Orange county court, June Term, 1865, PECK, Chancellor, when it was decreed that the bill be dismissed without costs,—from which decree the oratrix appealed.

*Abel Underwood*, for the oratrix.

The defendant, Chamberlin, denies in his answer that he had any notice whatever of the existence of the oriatix' mortgage, at the time he took his conveyance of Waterman. The *record* of the mortgage *as it was*, was *legal* notice to the defendant. In the case of *Isham* v. *Bennington Iron Co.*, 19 Vt. 246, the court say: "courts will go very far to uphold a conveyance, where some *technical requisite* has been

---

---

omitted *through inadvertence.*" In *Chandler* v. *Spear*, 22 Vt. 407, it was held that a deed was *sufficiently acknowledged*, where it appeared " Richard G." ackowledged it, when, in fact, it was Richard G. *Bailey* who was the *grantor*, as appeared by the deed. This was not a literal compliance with the statute.

It was the deed of *Cochrane*. He executed, signed and sealed it. And every one would at once see it was *Cochrane*, the *grantor*, who acknowledged it, and that the magistrate inadvertantly inserted the name of Wood, the grantee, instead of *Cochrane*. If this then is the fair, sensible, and reasonable construction of the transaction, (and of which there can be no doubt, ) then Chamberlin was bound so to understand it. The record was *notice to him*, and all the world, of the oratrix' mortgage.

In the case of *Hayden* v. *Westcott*, 6 Conn. ( 2d series ) 129 ; where no name was inserted in the certificate of acknowledgment, but was left blank, the court were divided in opinion, as to the validity of the deed. And though the majority decided adversely to the deed, it is believed Justice Church, in his dissenting opinion, had the better argument.

The evidence taken in the case, conclusively proves the error as merely clerical. In the case of *Williams* v. *Bass*, 22 Vt. 356, the court strongly intimate that the omission of the *scroll* in the record of a deed, is not *conclusive* against its validity. That it may be explained. In *Shaw* v. *Poor*, 6 Pick., p. 86, it was held, the acknowledgment of *two grantors* was sufficient. In *Bradford* v. *Damson*, 2 Ala., 203, it was held the body of a deed may be *referred* to, *to support a defective acknowledgment.*

*C. W. Clarke*, for the defendants.

The mortgage is defective in not being acknowledged by the grantor agreeably to the statute. G. S. p. 448, § 4. The defendant, Chamberlin, then cannot be affected with constructive notice of the mortgage, because being defective in its execution, it was not entitled to be admitted to registry, and therefore, although it was in fact so admitted, the record is not notice of title to any one. *Isham, Adm'r,* v. *Iron Co.,* 19 Vt. 245 ; *Miller* v. *R. & W. R. R. Co.,* 36

Vt. 477 ; *Pidge* v. *Tyler*, 4 Mass. 541 ; *Heister* v. *Fortner*, 2 Birney, 40 ; 1 Story's Eq., 393.

It cannot be denied but this deed is so defective, looking only to the face of it, as to be wholly incapable of passing any title, and in order to set it up as an evidence of title, it must in some way be made to read differently from what it now does ; and parol evidence could not be admitted to correct any mistake, help out, or supply any deficiency in the certificate of acknowledgment. The certificate itself must show that it was properly acknowledged. A party may as well be permitted to supply the whole by parol, as any important part. *Hayden* v. *Westcott*, 11 Conn. 129 ; *Williams* v. *Bass*, 22 Vt. 352.

The court will not correct any mistake, nor make any alteration in the mortgage essential to its validity, in any way affecting the rights of a subsequent purchaser for value without notice of the incumbrance. 2 Lead. Eq. Ca., 12–16 ; 1 Story's Eq. 189 ; *Langdon* v. *Keitte,* 9 Vt. 299 ; *Carter* v. *Champion*, 8 Conn. 549.

Now unless the instrument itself shows by mere inspection with the certainty of a duly certified fact that Cochrane actually acknowledged it, the oratrix must fail ; for this we insist is as far as the cases have gone, and the courts have been cautious in the application of the rule, and extremely guarded in stating it, in view of intervening rights.

*Chandler* v. *Spear*, 22 Vt. 388, was cited below and greatly relied upon, and in that case the court said that although the name Bailey was omitted in the acknowledgment, yet the statement that the same Richard G. who *signed and sealed*, also acknowledged, rendered it sufficiently certain that the deed was acknowledged by Richard G. Bailey. But it may be doubted if the court would have so held if the acknowledgment had been in the form of the one attached to this mortgage. This simply says, " *the above named Samuel F. Wood acknowledged the above instrument to be his free act and deed.*" It does not contain the words by *him sealed and subscribed*, as does the certificate in *Chandler* v. *Spear*. Now, if there was any doubt as to the identity of Richard G. in the acknowledgment, the court had only to look and see who *sealed and subscribed*.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The only question arising in this case that has been presented for our consideration is, whether the mortgage deed from the defendant Cochrane to Samuel F. Wood appears to have been so acknowledged by the grantor Cochrane as that its being recorded in the town clerk's office in the town where the land lies, operates as constructive notice to subsequent purchasers of its existence, such purchaser having no actual notice of it. The certificate of the acknowledgment attached to the deed is as follows :

" MIDDLESEX, ss., Lowell, March 10th, 1843. Then the above named Samuel F. Wood acknowledged the above instrument to be his free act and deed. Before me,

JULIAN ABBOTT, Justice of the peace."

This certificate, upon its face, shows that it was Wood, the grantee, that acknowledged the deed, and not Cochrane, the grantor.

It is insisted on the part of the oratrix to whom the said S. F. Wood gave the mortgage and note by his will, that it was Cochrane, the grantor, who, in fact, acknowledged the deed, and that the insertion of the name of Wood was a mere clerical error of the magistrate, and that the court should correct it by construction, and treat the instrument the same as it would, if the name of the grantor had been inserted instead of that of Wood, and give it the same legal effect to all intents and purposes, and as to all persons.

The principle is well settled in this state and elsewhere that when it is perfectly apparent upon the face of a written instrument that a mere clerical error has been made, and when it is apparent from the face of the instrument what the correction should be, to make the instrument what it would have been if the error had not occurred, courts will correct such error by construction, that is they will treat the instrument the same, and give it the same legal effect and operation as though the error had not been made.

The certificate of the magistrate of the acknowledgment of a deed is an independent instrument, complete and perfect of itself ; it is no part of the deed ; it is no act of the parties. It is attached to the deed and is necessary to give such deed full effect in certain respects. Now in looking at this certificate it is not apparent that

any mistake has been made, there is nothing in the certificate to indicate whether it was the grantor or the grantee who acknowledged the deed, except the name itself. If the certificate had been in the usual form in this state, that is that "S. F. W., the signer and sealer of the foregoing instrument," etc., "or the person known to me as the signer," etc., there would have been something to show that it was in fact the grantor who had acknowledged, and something on which the court could rely in correcting the error by construction. In looking into the deed we see that Cochrane is the man who should have acknowledged it, but there is nothing to show that he did, the fact that he ought to have done it is hardly sufficient to warrant us in saying that he did, especially when the certificate of the magistrate shows affirmatively that it was another man. Whether an error was committed in writing the name of the man who acknowledged, or in taking the acknowledgment of the wrong man by mistake, is a question that cannot be determined by anything that appears either on the face of the certificate or of the deed.

This is not like the case of *Richmond* v. *Woodward*, 32 Vt. 833. In that case the error consisted in the writing of a wrong name in the condition of a bond. It was perfectly apparent on the face of the instrument that an error had been committed, it appeared from the words preceding the name, that a name that had before been used in the bond was intended to have been written there, and it was perfectly apparent from the whole tenor of the instrument what name was so intended. The name inserted was that of a person who had no connection with the bond. The court said they would correct the error by construction and give the bond the same effect as if the mistake had not been made.

In the case of *Chandler* v. *Spear*, the grantor's name was Richard G. Bailey, and in the certificate of acknowledgment Richard G. was written and Bailey omitted. The court held that what was written sufficiently indicated who the person was that had acknowledged the deed, and gave it the same effect as though the whole name had been written.

Our statute declares that no deed of bargain and sale or mortgage, etc., shall be good and effectual in law to hold lands against any

other person but the grantor and his heirs unless the same be acknowledged and recorded, and as this deed was not so acknowledged, the record of it cannot operate as constructive notice to Cochrane's grantees, and to charge the land with this mortgage in their hands. As the deed upon its face as spread upon the record, must show a compliance with the requirements of the statute in order to give it effect as constructive notice, parol evidence cannot be brought in aid of any defect.

Decree of the chancellor dismissing the bill affirmed and case remanded,