————o————

STATE TO USE OF J. F. WATKINS, *et al.*, Respondents, *vs.* PETER J. MISEREZ, *et al.*, Appellants.

1. *Action on official bond—Variance between allegations and proof—Title of officer—Legislative acts, construction of.*—Where the petition in suit on an official bond charged that the principal was elected by the voters of Kaw Township, gave bond as "*Marshal of the Kansas City Court of Common Pleas,*" the bond was given by defendants for the faithful performance of the principal of his duties as "*Marshal of Kaw Township;*" that this was the only bond ever given by this officer, who thereupon proceeded to discharge the duties of marshal of that court in the discharge of which the breach occurred. But it also appeared that the legislature had, prior to the election in question, by divers "public acts," used the terms "*Marshal of the Kansas City Court of Common Pleas*" and "*Marshal of Kaw Township,*" interchangeably, in designating the officer who was to execute the process of that court, and that the legislature also, prior to said election, had provided " that all official papers, acts and duties of the Marshal of the Kansas City Court of Common Pleas which * * * shall be executed under the name and style of "*Marshal of Kaw Township,* * * * shall be legal * * * as if done under the name of the "*Marshal of the Kansas City Court of Common Pleas.*" *Held,* that there was no variance between the *allegata* and the *probata,* since either method of designation would be equally effective in designating the ministerial officer of that court.

State to use of Watkins, et al. v. Miserez, et al.

2. *Instrument, construction of—Intention of parties—Attendant circumstances.—* That the intention of the parties in signing an instrument is, if possible, to be adopted; which intention is to be gathered, if necessary, from the light of surrounding circumstances, and that construction is to prevail, which will make the instrument efficacious, instead of the opposite.

*Appeal from Jackson County Circuit Court.*

*Wm. E. Sheffield,* for Appellants, cited: Local Laws, 1855, p. 60, § 18.

*Gage & Ladd,* for Respondents, cited: Local Acts 1855, p. 60, §§ 1, 18 ; Sess. Acts, 1858–9, p. 354, § 8 ; Id. 1859–60, p. 9, § 1; Peckham vs. Haddock, 36 Ill. 38 ; Colburn vs. Owens, 10 Mass. 20 ; Medway Cott. Manuf'g Co. vs. Adams, 10 Mass. 360 ; Richmond vs. Woodard, 32 Vt. 836 ; Huff vs. Hutchinson, 14 How. 586 ; Fosdick vs. Village, etc., 14 Ohio, [St.] 487.

SHERWOOD, C. J., delivered the opinion of the court.

Action on the official bond of defendant Miserez as principal, and the other defendants as sureties. The bond was conditioned for the faithful performance by Miserez of his duties as *Marshal of Kaw Township.*

The petition in substance alleges the election of Miserez as *Marshal of the Kansas City Court of Common Pleas,* by the voters of Kaw Township on the 6th of November, 1866, and the execution of the bond in suit, on the 20th of that month ; that by an act of the general assembly approved Feb. 20, 1865, (Sess. Acts, 1865, p. 414) it was provided: "That all official papers, acts and duties of, and concerning the Marshal of the Kansas City Court of Common Pleas, which have been, or shall be performed and executed under the name and style of Marshal of Kaw Township, are, and the same shall be, legal and binding as if done and executed under the name of Marshal of the Kansas City Court of Common Pleas ;" that the bond in suit was an official paper of and concerning the Marshal of the Kansas City Court of Common Pleas, was executed by Miserez and his sureties as and for his official bond as marshal of that court, was

duly approved and filed according to law ; that he never executed any other bond as marshal of that court ; that on the approval of the bond declared on, he forthwith entered on and proceeded to discharge the duties as marshal of that court, and continued so to do until the expiration of his term of office. The petition then alleges the breach of the conditions of the bond, which breach consisted of the failure of Miserez. as Marshal of the Kansas City Court of Common Pleas, to pay to relators, certain money collected by him under certain attachment proceedings issued and directed to, and executed by him, as marshal of that court. The answer did not deny the execution of the bond, but was in substance a general denial of the allegations of the petition.

On trial of the issues joined, the breach assigned being fully established, judgment went for plaintiffs ; and in this we discover no error, nor in the declarations of law which led to that result.

The act (Local Acts, 1855, p. 60, § 1) which established the " Kansas City Court of Common Pleas " limited its jurisdiction to " Kaw Township " and (Id. § 18) constituted the marshal of the city of Kansas, the ministerial officer of that court.

The jurisdiction was always thus limited until the act of December 5th, 1859, (Sess. Acts, 1859–60, p. 9, § 1) which authorized writs of attachment to be served anywhere within the county. Aside from this exception, the jurisdiction of that court was always confined within the territorial limits of " Kaw Township."

The act of March 2nd, 1859, (Sess. Acts 1858–9, p. 354, § 8) first created the office of " Marshal of the Kansas City Court of Common Pleas " and provided for the election of that officer, on the first Monday in August, 1859, by the qualified voters of that township. This act as well as the act of 1855, of which the former was amendatory, were " *declared public acts.*" Notwithstanding the ministerial officer of that court was designated by the act which created his office as " Marshal of the Kansas City Court of Common Pleas " the legislature, by a subsequent amendatory act, which was also declared a "*public act,*" ap-

proved December 5th, 1859, and above referred to, speak of that officer as "The Marshal of Kaw Township." This is done in repeated instances, (§§ 3, 4, 13, 14 and 15) and he is not once mentioned in that act by his true official designation of "Marshal of the Kansas City Court of Common Pleas," whose duties were declared by the act creating the office (Acts 1858-9, *supra*, § 14) to "execute all process issued by said Kansas City Court of Common Pleas."

It will be thus seen that the general assembly, with what wisdom it is unnecessary to say, chose, by two public acts, to designate one and the same officer, by the distinct appellation of "Marshal of the Kansas City Court of Common Pleas" and "Marshal of Kaw Township." That these terms were used interchangeably, is clear beyond question. Either method of designation is, therefore, equally effective as a mode of identifying the officer to which it referred. And these acts being "*public acts*," passed and in force years long anterior to the period when the defendants signed the bond for the faithful performance of the duties of the "Marshal of Kaw Township," cannot, when the principal in that bond proves a defaulter, escape liability by taking technical advantage of an alleged verbal variance in the title of an officer, who, as the evidence shows, was elected, took oath and gave bond, as "Marshal of Kaw Township," and during his entire term of office, as ministerial officer of the court, executed all process which was directed to and came into his hands, and performed all his official duties as "Marshal of the Kansas City Court of Common Pleas;" such being the style of all writs which he received. In the light of these acts of the legislature and of the evidence adduced at the trial, we can find no room to doubt the intention of the parties signing the instrument in suit, to assume a liability for the official acts of the ministerial officer of the court, wherein the bond was filed and approved regardless of the fact whether that officer had one title or another, and if there was any doubt whatever in this connection, as to the construction to be given the bond, that construction should prevail, which, in the light of attendant circumstances, would make the instrument efficacious, instead of meaningless and ineffective.

(Peckham vs. Haddock, 36 Ill. 38 ; Fordick vs. Village, 14 Ohio, [St.] 472 ; Richmond vs. Woodard, 32 Vt. 833 and cas. cit.)

And if any doubt should still remain, that doubt would certainly be resolved in favor of the plaintiffs, when reflection is had on the very comprehensive and liberal provisions of the act of Feb. 20th, 1865, *supra*, set forth in the petition and read in evidence.

The declarations of law were in harmony with these views, and the judgment is affirmed.   All the judges concur.