VOLENTINE WEED *v.* J. D. ABBOTT.*

*Construction of Written Instrument.    Clerical Error.*

Where it is apparent on the face of a written instrument that a mere clerical error has been made therein, and also apparent what the correction should be, courts will cor‑ rect such error by construction.   Thus; in debt on a jail bond wherein J. D. Abbott was surety, the condition of the bond recited that the principal was imprisoned in Caledonia County on an execution issued on "a judgment recovered before Henry W. Adams, a justice of the peace for the County of Orange, and signed by the said *J. D. Abbott,* Justice of the Peace." *Held,* that it was apparent on the face of the bond that Abbott's name was inserted for Adams's by a clerical error, and that the bond should be treated as though the error had not been made.

Debt on a jail bond taken from John M. Little as principal, and the defendant as surety, by the sheriff of Caledonia County, and by him assigned to the plaintiff.   The declaration alleged that by a clerical error the bond set forth that the execution on which Little was committed, issued on a judgment ˙recovered be‑ fore Henry W. Adams, a justice of the peace; and was signed by said J. D. Abbott, Justice of the Peace.   The defendant craved oyer of the bond, and demurred.   The obligatory part of the bond was in common form.   The condition was as follows:

The condition of the above bond is such, that whereas the above boun‑ den John M. Little is now a prisoner in the common jail at St. Johns‑ bury  .  .  .  by virtue of a writ of execution  in  favor of Volentine Weed  .  .  .  for the sum  of  one hundred fifty-two dollars and sixty-two cents damages and eight dollars and fourteen cents costs, with twenty-five cents for said execution, and the officer's fees on the same to the amount of eight dollars, issued on a judgment recovered before Henry W. Adams, a justice of the peace for the County of Orange, and signed by the said J. D. Abbott, Justice of the Peace, now if the said John M. Little shall faithfully and absolutely remain, &c.

At the June Term, 1877, the court, Powers, J., presiding, sus‑ tained the demurrer, *pro forma,* and adjudged the declaration in‑ sufficient; to which the plaintiff excepted.

*Decided at the March Term, 1878.

*E. W. Smith,* for the plaintiff.

It is apparent on the face of the bond that the insertion of Abbott's name was a clerical error. The declaration is therefore sufficient, and the bond should be treated as though the name, Henry W. Adams, had been inserted instead. But if Abbott's name were simply stricken out, the bond would be good. *Galusha* v. *Sinclear,* 3 Vt. 394; *Bogue* v. *Bigelow,* 29 Vt. 179; *Barnard's Admr.* v. *Russell,* 19 Vt. 334; *Richmond* v. *Woodard,* 32 Vt. 833, and numerous other cases.

*Quaere* if the demurrer does not admit that the insertion of that name *was* a clerical error.

*Leslie & Rogers,* for the defendant.

The condition of the bond should show a legal commitment. Commitment on an execution signed as the one set forth in the condition was, would not be legal. *Lyon* v. *Ide,* 1 D. Chip. 46. If the bond shows an illegal commitment, it cannot be cured by an allegation that the defect in the bond arose from a clerical error. That would be to permit the bond to be varied by parol. *Sherwin* v. *Bliss,* 4 Vt. 96, is decisive of the case.

The court cannot construe the bond as contended. The court cannot assume the facts to have been otherwise than as stated in the bond. The case is unlike *Richmond* v. *Woodard,* 32 Vt. 833. It is more like *Wood* v. *Cochrane,* 39 Vt. 544.

The opinion of the court was delivered by

Ross, J. The defendant by oyer having brought the bond and its condition upon the record, the question raised by the demurrer is, whether the bond and its condition show a legal commitment of John M. Little to the jail in Caledonia County, so that the defendant is liable as surety on the bond for the escape or departure of Little from the limits of the jail yard. The conditions of the bond must show a legal commitment of Little, in order that the plaintiff may hold Abbott liable as surety on the bond for his escape or departure from the limits of the jail yard.

The condition of the bond states that said Little was committed on an execution in favor of the plaintiff against said Little, is-

sued on a judgment recovered before Henry W. Adams, a justice
of the peace for the County of Orange, and *signed by the said J.
D. Abbott, Justice of the Peace.* It is claimed by the plaintiff that
the insertion of the name of J. D. Abbott is clearly a clerical er-
ror, and that from the condition itself it is perfectly apparent that
it is so, and that it was the manifest intention of the parties to
the bond to have inserted in its stead, Henry W. Adams, and that
it is the duty of the court to construe the condition of the bond in
this respect as though it read, " and signed by the said Henry
W. Adams, Justice of the Peace." In the language of PIERPOINT,
C. J., in *Wood* v. *Cochrane,* 39 Vt. 544, " The principle is well
settled in this State and elsewhere, that when it is perfectly ap-
parent upon the face of a written instrument that a mere clerical
error has been made, and when it is apparent from the face of the
instrument what the correction should be to make the in-
strument what it would have been if the error had not occurred,
courts will correct such error by construction, that is, they will
treat the instrument the same, and give it the same legal effect
and operation, as though the error had not been made." The
court in that case were asked to construe the certificate of ac-
knowledgment attached to a deed in which the grantee's name
was inserted, as though the grantor's name had been inserted
therein. The form of the acknowledgment was, " then the
above named S. F. W. acknowledged the above instrument to be
his free act and deed." The court held that this was an instru-
ment complete and perfect in itself, and that it did not contain
enough to make it perfectly apparent that the insertion of the
grantee's name was a clerical error, and, if so, it did not on its
face show that the name of the grantor was intended to have been
inserted instead of that of the grantee, but the court said that if
the form of the acknowledgment had been that usually used in
this State, viz : " S. F. W.[ the grantee,] the signer and sealer of
the foregoing instrument, &c., or the person known to me as the
signer," the principle would have applied. We cite this case as
containing a clear statement of the principle which governs this
class of cases, as well as illustrating where the principle does and
where it does not apply. In the case at bar, we think it is per-

fectly apparent that the insertion of J. D. Abbott was a clerical error. His name had not before been mentioned except as surety in the bond. It is not before used in the condition of the bond. Nowhere before is he said to be a justice of the peace. It is apparent that the writer of the condition, after having stated the parties to the execution, the amounts for which it issued, and that it issued on a judgment recovered before Henry W. Adams, a justice of the peace for the County of Orange, intended to have said it was signed by said justice of the peace, Henry W. Adams. No other justice of the peace could issue an execution on the judgment, or would be likely to know the amount of damages and costs. The use of the word " said " before the name, and in connection with the *descriptio personæ*, justice of the peace, together with what immediately precedes, renders the error and correction both apparent, and brings the case within the principle stated in *Wood* v. *Cochrane*, and as illustrated in *Richmond* v. *Woodard*, 32 Vt. 833. The latter case is quite similar in some of its features to the case at bar.

The *pro forma* judgment of the County Court is reversed, and judgment rendered for the plaintiff for the sums stated in the condition to the bond.