09-2305-bk
Sensenich v. Bank of America

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of December, two thousand and nine.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges*,
> P. KEVIN CASTEL,
> *District Judge.*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAN M. SENSENICH, Chapter 13 Standing Trustee,

      *Plaintiff-Appellant*,

    v.                                                     No. 09-2305-bk

BANK OF AMERICA, N.A.,

---

\* The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendant-Appellee.*\*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**     JAN M. SENSENICH, *pro se*, Norwich, VT.

**FOR DEFENDANT-APPELLEE:**     DAVID N. DUNN, Potter Stewart, Jr. Law Offices, P.C., Brattleboro, VT.

Appeal from a May 1, 2009 order of the United States District Court for the District of Vermont (William K. Sessions, III, *Chief Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Jan M. Sensenich ("Sensenich") is the trustee of the Chapter 13 bankruptcy estate of Nicholas W. Stanzione and Regina C. Stanzione (the "Stanziones"). Sensenich, in his capacity as trustee, brought this adversary proceeding in the United States Bankruptcy Court for the District of Vermont claiming that the mortgage of defendant-appellee Bank of America, N.A., against the Stanziones' home was invalid because the mortgage deed was "improperly . . . acknowledged" under Vermont law. *Lakeview Farm, Inc. v. Enman*, 689 A.2d 1089, 1093 (Vt. 1997); *see* 27 V.S.A. § 341(a). The Bankruptcy Court granted Bank of America's motion for summary judgment, and Sensenich appealed to the United States District Court for the District of Vermont. The District Court affirmed. Sensenich now appeals to this Court. We affirm.

Sensenich claims that the acknowledgment form attached to the mortgage deed is invalid because the Stanziones' names were not written in the appropriate blank space on the acknowledgment form. It is "perfectly apparent upon the face" of the acknowledgment form that the omission of the Stanziones' names was a "clerical error." *Wood v. Cochrane*, 39 Vt. 544, 548 (1866). If the acknowledgment form makes reference to another instrument, such as the mortgage deed, the other instrument may be examined to "correct such error by construction." *Id.* at 548-49.

The notarized acknowledgment form describes the individuals acknowledging their signatures as the "signer(s) and sealer(s) of the foregoing written instrument." Because the Stanziones are plainly the signers of the "foregoing written instrument"—that is, the mortgage deed—the acknowledgment "show[s] . . . with . . . certainty" that the Stanziones are the individuals described by the acknowledgment form. *See Richmond v. Woodard*, 32 Vt. 833, 838 (1860). Therefore, the acknowledgment form "should be construed the same as though the name[s] of" the Stanziones "had been originally inserted" in the correct part of the form. *Id.* at 838. As a result, the mortgage deed was validly acknowledged, and summary judgment for Bank of America was proper.

---

\*\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

**CONCLUSION**

For the foregoing reasons, the May 1, 2009 order of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____