HON. PIERPOINT ISHAM, } ASSISTANT JUDGES.
HON. MILO L. BENNETT, }

---

DAVID S. AUSTIN, ADM'R. *v.* SOLOMON DOWNER, JOHN D. FRENCH, AND DAVID B. FRENCH.

*Ejectment. Mortgage, &c.*

A deed conditioned to become void, unless a certain amount is paid, by a day certain, is in effect a deed of mortgage, from the debtor to the creditor.

And if a security be given by the mortgage for the debt, the burden of proving payment is thrown upon the promisor. And if the sum be payable in money, at a given day, the happening of the day imposes the obligation of payment, and it is incumbent upon the promisor to prove such payment, and if no such payment be proved, a breach of the condition occurs, and there is no necessity of a formal entry, in order to revest the estate, as the law does that at once.

In a case of ejectment by an administrator where no *seizin* accrued to the ances tors; and the *disseizin* arose after the death of the intestate, and in contempla tion of law, since the appointment of the administrator, *it was held*, that the proof of the appointment becomes part of his title to recover, and must be proved.

EJECTMENT for certain lands in Brunswick.    Plea, the general issue, and trial by jury.

On trial, the plaintiff offered in evidence,

1. A copy of a deed from Annah Hawkins his intestate to John Cranmore of the premises described in the declaration, dated the 23d day of December, 1831, to which deed there were certain conditions, for the support of one Elizabeth Ryder, also to deliver to the said Annah Hawkins one-fourth of the crops raised on said farm during her life, and also to pay to Joseph Hawkins, son of the said Annah Hawkins, one hundred dollars at her, the said Annah's decease, and if all said conditions were performed, then said deed was to be in full force, otherwise to be void and of no effect.

2. A copy of a deed from said John Cranmore to one Michael Flynn, dated the 9th day of August, 1839, of the same premises, to which deed were added, in substance, like conditions to those in the deed above named.

3. A copy of a deed from Reuben C. Benton, assignee in bank-ruptcy of the said Michael Flynn, to one Solomon Downer, dated the 25th day of October, 1843, of said Flynn's interest in said premises.

4. A deed from Solomon Downer to one John D. French, of the same premises and other lands, dated the 7th day of August, 1847, conditioned to be good on the payment of a note for $1500.

5. A deed from Joseph Hawkins to one Isaac Richardson and William Heywood, Jr., dated the 11th day of October, 1839, of certain lands, and also of his right to the said one hundred dollars, reserved to him, in the said deed from Annah Hawkins to John Cranmore.

6. A deed from Isaac Richardson to William Heywood, Jr., of the same premises, dated the 26th day of April, 1843.

7. A deed of the same premises, from said William Heywood, Jr., to David S. Austin, the plaintiff, dated the 15th day of December, 1843.

All the above deeds were received subject to all questions, as to their legal effect.

The plaintiff's testimony tended further to prove, that Mrs. Annah Hawkins continued to live on the premises in question, up to the time of her death, which occurred in 1840; but no testimony was offered upon either side, as to whether she received the share of the crops &c., reserved in the condition of her deed to said Cranmore. It appeared that said Elizabeth Ryder had not been supported on said place; but the evidence tended to show, that she resided elsewhere from choice, and there was no evidence of any thing having been paid for her support by the plaintiff or his intestate, except that plaintiff once paid her two dollars, but under what circumstances did not appear. The plaintiff offered no evidence as to the $100, to be paid to Joseph Hawkins, whether the same had been paid or not. It appeared, that John D. French went into possession of the premises under his deed from Downer, and had since occupied the same; but there was no evidence of any actual possession by Downer since said deed; and it also appeared that David B. French had only been upon the premises, as the tenant, or hired man of the said John D. French.

The defendant, Downer, then offered in evidence a copy of an account in favor of said Michael Flynn against the said Joseph Hawkins, amounting to $98 55, and an assignment of the same by said R. C. Benton, assignee of said Flynn, to Solomon Downer August 2d, 1843; and also proved by said Benton, that this account was among the assetts of said Flynn, and was sold at the sale of Flynn's effects to Mr. Downer, that the account was upon Flynn's book of accounts, that there were credits on the account reducing the balance to about fifty-six dollars, which sum said Flynn claimed to be due on said account.

The defendant also gave evidence tending to prove, that one item for pork, charged in said account, was correct, and that the same was delivered by said Flynn to said Joseph Hawkins, with the agreement that the same should apply towards payment of the said $100, reserved in Annah Hawkins' deed to said Cranmore. There was no evidence in relation to the other items of said account. The defendant, Downer, also offered in evidence, a note signed by said Joseph Hawkins, payable to said Michael Flynn, dated the fourth day of June, 1840, for the sum of fifty-five dol-

lars, payable in five years from date with interest annually.

It also appeared that said Hawkins in 1843 or 1844, left the country and has never since returned. The defendant also offered to prove, that said Hawkins, some time between 1841, and the time he so left the country, admitted that he had received the amount of the said $100, secured in his mother's deed. The plaintiff objected to this evidence, and the court excluded the same ; to which decision the defendant excepted.

There was no evidence to show that said Joseph Hawkins had assigned his claim to said $100, except that at the assignee's sale of said Flynn's effects, August first, 1843, Mr. Downer and Mr. Heywood were both present, and Mr. Heywood informed Downer that he had a deed of it from said Hawkins, and claimed the $100, of Downer, and that they had some conversation about a settlement of it, but what, did not appear.

The plaintiff did not claim to have shown David B. French in possession, and a verdict was rendered in his favor.

The defendants, Downer, and John D. French insisted that plaintiff could not recover.

1. Because he had not shown his appointment as administrator.

2. Because he had not shown any breach of the condition, in the deed from Annah Hawkins to said Cranmore, and that the burden of proof was upon the plaintiff to show, that said $100, reserved to said Joseph Hawkins had not been paid.

3. That if said condition had not been performed the plaintiff had no such title, as would sustain this action.

4. That there was so much evidence tending to prove that said $100 had been paid, as with the lapse of time authorized the defendants, to have the case submitted to the jury to say whether it had or had not been paid.

5. That the evidence of possession in Downer was not such as to make him liable in this action.

The court declined so to instruct the jury; but instructed them, that under the plea, in this case, the plaintiff was not bound to prove his appointment, as administrator; that the burden of proof was on the defendants, to show that the $100, named in the condition of said deed, had been paid; and that plaintiff had shown such a title, as would support this action ; and that Downer claimed under his deed to J. D. French, was sufficient evidence of pos-

session, to subject him to this action; that there was no sufficient evidence tending to prove that said $100, had been paid for them to consider.

The jury returned a verdict for the plaintiff against Downer and J. D. French.

To the charge and refusal to charge, as requested, the defendants excepted.

*Bartlett & Roberts* and *G. A. Bingham* for defendants.

Claimed that there was evidence tending to show that the condition of the deed from Annah Hawkins to said John Cranmore was performed; and that the case, upon that evidence should have been submitted to the jury.

That the $100, became due to Joseph Hawkins, at the decease of his mother, which occurred in 1840. The assignment of this claim to Richardson & Heywood was made in 1839, but no notice was given to Downer until 1843, and the evidence tended to show, that before notice of the assignment was given, the same had been paid to Joseph Hawkins.

The admissions of said Hawkins should have been received and submitted to the jury, as tending to show, that a portion of the condition of said deed had been performed.

———— —— for plaintiff.

1. One count in the declaration being founded on the seizin of the intestate, it was not necessary to prove the appointment of the plaintiff as administrator, the general issue being an admission of that fact. *Aldis* v. *Burdick*, 8 Vt. 21. 2 Greenleaf's Eve. 388.

The second objection of the defendant is founded upon grounds, that would require the plaintiff to prove a negative.

Upon the third objection, see case of *Buckminster* v. *Needham*, 22 Vt. 617.

There was no evidence tending to prove more than a very small part of the $100, ever paid.

Downer was the landlord, and as such must be joined by our statute. Comp. Stat. chap. 38 § 1.

The opinion of the court was delivered by

REDFIELD, Ch. J. A deed conditioned to become void, unless

a certain amount is paid, by a day certain, has been regarded as in effect a deed of mortgage, from the debtor to the creditor. It is not improbable, that according to the strict rules of the common law, some slight difference might be made in the two cases. But this difference is one, not likely to be appreciated by common men, and when the object is to come at the real intention of the parties, we can scarcely feel justified in deciding the import of a deed, different from the obvious intention of the parties.

If a security be given for the debt, it is to all intents a mortgage. If no security for the debt is given, separate from the deed it is more in the nature of a right of repurchase, in as much as there is an election in the grantor, whether to pay the price, or not, unless the contrary be expressed in the deed.

If a security be given, it must be produced by the mortgage. If that be done, the burden of proving payment is thrown upon the promisor. If no security separate from the deed, appear to have been given, and the sum be payable in money, at a given day, the happening of the day, imposes the obligation of payment. And as payment is an affirmative fact, not to be presumed, it becomes incumbent upon the promisor, to prove such payment at the day, or a breach of the condition occurs, which operates by way of limitation of the estate; and in such case there is no necessity of formal entry, in order to revest the estate, as the law does that, at once.

The proof, then, in this place, was properly regarded to come from the defendants. And that which was put in, was no doubt exceedingly slight and unsatisfactory; but still, such, we think, as might well have been submitted to the jury, under proper restrictions and limitations. And as the case must be opened, we think, upon another point, and the same state of facts may not again arise, we forbear farther remark upon this point.

This is a case where no seizin accrued to the intestate. The disseizin complained of, must have arisen after the death of the intestate, and in contemplation of law. Since the appointment of the plaintiff, as administrator, the proof of his appointment becomes a part of the plaintiff's title to recover, and should have been shown; and for this reason, the case must be opened.

It does not occur to us, that there is any objection to this recovery being had, by the administrator. A stranger to the deed could not

take advantage of a limitation of the estate, although made to depend upon an event, in which he was interested. And the consideration, that the recovery, when had, is for the benefit of all the heirs, seems to us to favor the same view.

Judgment reversed and new trial.

Note.—In *Aldis* v. *Burdick,* this court did admit proof of the plaintiff's appointment, as executor, to be made in this court. But in the subsequent case of *Blake & Goodhue* v. *Tucker,* 12 Vt. 39, it was expressly determined that no new proof could be admitted in this court, and judgment was affirmed against the party, which is altogether a more stringent course than to reverse it, thus giving the party an opportunity to retrieve his errors. And this case has been since always followed.