Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT, } Assistant Judges.
Hon. LOYAL C. KELLOGG,
Hon. ASAHEL PECK,

---

David Weeks *v.* Moody M. Boynton,

*Mortgage.  Contract.  Estoppel.  Book Account.*

The defendant executed to the plaintiff a mortgage deed of his farm, with a condition securing to the plaintiff his support and maintenance during his natural life.  The condition of defeasance contained a provision as follows, viz: "or if I shall have an opportunity to sell said farm and shall wish to do so, I shall have the right to do so by paying or securing to the said Weeks (plaintiff) such sum and in such manner as the judge of probate for the district of Caledonia, for the time being, shall consider will be just and right for the remainder of the life of the said Weeks from such date." *Held*, that there must be a concurrence of both conditions, viz: an opportunity and desire to sell, before the judge of probate would be authorized to act in the premises; therefore in the absence of all proof of the existence of these conditions, or of the former only, an award of the judge substituting a different mode of performing the condition of defeasance, would be inoperative.

20

The award provided that the defendant should execute and deliver to the plaintiff a bond in a sum specified, with one or more sureties, to the acceptance and approval of the cashier of the Bank of Caledonia, conditioned for the faithful performance of the award, &c. *Held*, that this provision conferred upon the cashier a trust or discretion, which by the condition of defeasance, was vested in the judge alone.

The plaintiff's counsel remarked in his presence, when the award was made, that "they were satisfied, and had come out better than they had expected." *Held*, that the plaintiff's silence, when this remark was made, was not equivalent to such an acceptance of the award as would change his rights under the mortgage.

When one of the parties to a book action does not insist upon certain items of his account, and for this reason the auditor disregards them without going into their merits, no question can properly afterwards be raised by the said party in respect to them.

Two suits,—one an action of ejectment, the other an action of book account,—in favor of the same plaintiff against the same defendant.

The ejectment suit was tried by the court under the plea of the general issue, at the June Term, Caledonia County, 1862, and judgment was rendered for the defendant. The book action was heard upon the report of an auditor, at the December Term, 1861, and the court rendered judgment for the defendant; POLAND, Ch. J., presiding in both actions. The plaintiff excepted to the judgment rendered in both cases. The material facts in both cases are sufficiently set forth in the opinion delivered by the court.

*M. Hale* and *Wing & Lund*, for the plaintiff, maintained that the agreement to arbitrate was not binding on the plaintiff. There was no mutuality about it. French, the judge of probate of the district of Caledonia, acted as arbitrator, not as judge of probate. The condition in the deed on which the defendant could apply to the probate court, *i. e.*, an opportunity to sell, had not occurred, therefore the acts of the arbitrator were void, and constituted no bar to the action of ejectment. If this was an arbitration, the right of revocation existed, and was exercised, and not afterwards waived by the plaintiff. The award was void. If void it was never affirmed or made valid by the acts of the plaintiff or his counsel. *Odlin* v. *Gove*, 41 N. H. 465; *Hicks & Co.* v. *Cram et al.*, 17 Vt. 449; *Walbridge* v. *Kibbee*, 20 Vt. 543; *Strong* v. *Ellsworth*, 26 Vt. 366; *Downer* v. *Flint et al.*, 28 Vt. 527; *White* v. *Langdon*, 30 Vt. 599.

*B. N. Davis*, for the defendant, maintained that the provision of defeasance in the deed should receive a reasonable, not strict, construction; that if the defendant honestly desired to sell the farm, the contingency had happened upon which he could call upon the judge of probate to act. The plaintiff waived all objection to the judge's jurisdiction, and acquiesced in the award subsequently. The award followed the submission. The agreement to the submission was mutual. *Austin* v. *Austin et al.*, 9 Vt. 420 ; *Henry* v. *Tupper et al.*, 29 Vt. 358 ; *Herrick* v. *Belknap et al.*, 27 Vt. 674. The judge of probate delegated no authority in his award not belonging to him to delegate.

KELLOGG, J. The defendant, on the 24th March, 1856, executed to the plaintiff a mortgage deed, with a condition securing to him his support and maintenance during his natural life, and the fulfillment of other provisions for his benefit in connection with such support. This mortgage deed conveyed a farm of land which had been on the same day conveyed by the plaintiff to the defendant. The condition of defeasance contained in the mortgage deed also contained a further provision expressed in these words, viz : "Or, if I " (defendant) "shall have an opportunity to sell said farm and shall wish to do so, I shall have the right to do so by paying or securing to the said Weeks" (plaintiff) "such sum and in such manner as the judge of probate for the district of Caledonia, for the time being, shall consider will be just and right for the remainder of the life of the said Weeks from such date." In January, 1861, the judge of the probate court for the district of Caledonia, on the application of the defendant, and on notice to the plaintiff, proceeded to hear the parties in reference to the subject of this provision, and made a decision and award in writing, directing that the defendant should, in the place and stead of the stipulations and provisions contained in the mortgage deed, pay to the plaintiff, during his natural life, the sum of one hundred and thirty dollars each year, at the Bank of Caledonia, in Danville, in two half yearly payments, one to be made on the first day of July and the other on the first day of January in each year, and the first payment to be made on the first day of July, 1861, and that the defendant should, within sixty days from the date of the award execute and deliver to the plaintiff a bond, with one

or more sureties, to the acceptance and approval of the cashier of the Bank of Caledonia, whose approval and acceptance should be indorsed thereon, in the sum of two thousand dollars, conditioned for the faithful performance of the award, and that the said mortgage deed should remain in full force and virtue to secure the payments named in the award, and that the award should in no way operate to discharge the mortgage security, but should become a substitute for the condition of defeasance contained in the mortgage. At the hearing before the judge of the probate court, the plaintiff objected to any hearing or adjudication by the judge in the matter; but, the judge deciding to proceed with the hearing, each of the parties submitted such evidence and arguments in reference to the defendant's application as they chose. The defendant had fully complied with the conditions of the mortgage deed, up to the first January, 1861, and he has also fully complied on his part with the terms or requirements of the award since that time. The plaintiff's right of recovery in the action of ejectment rests on a breach by the defendant of the condition of the mortgage. The main or principal question in this action is, whether this award was valid and binding, so as to substitute a different mode for the performance of the condition of the mortgage by the defendant. If it was valid, there was no breach of the condition of the mortgage by the defendant; but if, for any cause, it was invalid or inoperative, then the defendant has ever since the first January, 1861, failed to comply with the requirements of the mortgage, and the plaintiff is entitled to recover. This action was commenced on the 16th May, 1861, and it was admitted by the defendant in his testimony on the trial, as appears from the minutes of the presiding judge, which are referred to as a part of the case, that the plaintiff, before the commencement of the suit, called on him to provide for his maintenance and support, agreeably to the original provisions of the mortgage deed.

The conditions upon which the judge of the probate court was authorized to act, in ascertaining and awarding in respect to a substituted performance of the condition of defeasance were, that the defendant should have an opportunity to sell the farm, and should wish to do so. No question is made in respect to the existence of a desire on the part of the defendant to sell the farm, at the time when

Weeks *v.* Boynton.

he made the application to the judge of the probate court which led to the hearing of which this award was the result; and this limits the inquiry upon this point to the question whether the defendant then had an opportunity to sell the farm. It did not appear that the defendant had made any contract with any person to sell the farm, or that he had any specific offer from any person for the purchase of the farm, or that there was any evidence before the judge of the probate court on that subject. We think that the judge of the probate court was not authorized to act on the defendant's application except upon the concurrence of both conditions, and that it was essential to the validity of the proceeding before him that the defendant should have had an opportunity, as well as a desire, to sell the farm. This condition is stipulated for as the first and principal condition on which the judge is authorized to act, and its existence must be established before any foundation can be considered as laid for any action by him. We must give some meaning to these words in the condition of defeasance, and the expression is wholly nugatory, or without meaning, unless it is treated as the statement of an essential condition for any proceeding to substitute a different mode of performing the condition of defeasance. The award itself being silent in respect to any proof of the existence of this condition, the defendant cannot stand upon the award without furnishing proof that this condition actually existed when he made his application to the judge. Without such proof, the entire proceeding before the judge was wholly unauthorized, and was destitute of any foundation upon which it could rest for support. This defect in the proof is, as we regard it, fatal to the award, and renders it wholly inoperative. But this is not the only objection to its validity. The condition of defeasance provides that the judge of the probate court, whenever he may properly act on the subject, shall decide in respect to the "manner" in which the substituted security shall be given, and he is not authorized to delegate any part of his power or discretion to any other person. It would seem, therefore, that the provision in the award, requiring the bond which was executed by the defendant to the plaintiff to be accepted and approved by the cashier of the Bank of Caledonia, conferred upon the cashier a trust or discretion which, by the condition of defeasance, was vested in the judge alone, and

which was incapable of being shifted or delegated to any other person. The award required that this bond, when executed and approved by the cashier should be delivered to the plaintiff; but the bond appears to have been left with the cashier, and there is no fact stated from which we can infer that it was delivered to the plaintiff, or even that the plaintiff had any notice that it had been executed, or was in readiness for delivery. But, treating the requirements of the award as fully complied with by the defendant, the case is not relieved from the objection that the conditions upon which the judge of the probate court was authorized to act are not shown to have existed. Without this proof, his proceedings were unauthorized, and cannot be supported.

We find nothing in the case showing that the plaintiff consented to the award, or that he should be held as estopped from resisting it. The bill of exceptions states that his counsel, at the time when the award was made, said in his presence that "they were satisfied, and had come out better than they had expected." But this is a mere detail of evidence tending to show the fact, and is not a finding in respect to the fact itself; and we do not think that the plaintiff's silence when this remark was made, was equivalent to such an acceptance of the award as would change his rights under the mortgage.

These conclusions necessarily lead to a reversal of the judgment for the defendant in the action of ejectment. But it very distinctly appears that the defendant has fully complied with the requirements of the award in respect to the substituted performance which the award provided for in the place of the condition of the mortgage, and we find no reason to doubt his good faith in believing the award to be valid and binding. His breach of the condition of the mortgage is therefore to be regarded as unintentional, or purely technical; and a court of equity would relieve him from a forfeiture of the estate on such terms as would provide for the plaintiff a full compensation and indemnity for all which he has lost by reason of the breach complained of. *Austin* v. *Austin and Raymond*, 9 Vt. 420; *Henry* v. *Tupper et al.*, 29 Vt. 358. In making such a compensation to the plaintiff for the damages occasioned to him by the breach of the condition of the mortgage as would be just and equit-

able, the defendant should be allowed again to stand upon his rights under the mortgage. In the present posture of the case, the judgment of the county court in the action of ejectment is reversed, and the cause will be remitted to that court for a new trial.

The only questions which are now made by the plaintiff in the action on book account relate to the items of his account against the defendant numbered from 9 to 12, inclusive, and to his account against the defendant contained in the paper marked E. These are charges for money paid for keeping and shoeing the plaintiff's horse, and for repairs on the plaintiff's wagon, which, as the plaintiff claims, it was the duty of the defendant under the condition of the mortgage to defray. If this claim is well founded, it would give the plaintiff no right to make a charge on book account against the defendant for what is, in substance a breach of the condition of the mortgage, and these items cannot be considered as proper subjects of book account on any hypothesis which the plaintiff suggests. They were properly disallowed by the county court. In respect to the account contained in the paper marked E., the auditor reports that the whole of it, except a single item, "accrued more than six years ago, without credit or a new promise," and that the defendant claimed that it had been settled, and that he relied on the statute of limitations as a defence against it, and the auditor further states that he did not examine the merits of the charges, "especially as they were not insisted on by the plaintiff's counsel." No question arises on the auditor's report in respect to the excepted item. The statement of the auditor that the account "accrued more than six years ago" must be regarded as lacking precision and certainty in respect to the time when it did in fact accrue, and leaves the question in doubt. The expression, literally interpreted, would imply that it accrued more than six years before the making of the report, and this would not be sufficient to show that the account was barred by the statute. To make the statute of limitations applicable, it should appear that the account accrued more than six years before the commencement of the action. We have not thought it necessary to send the report back to the auditor for an amendment or a more specific finding in this particular, inasmuch as we regard the plaintiff's claim for these charges as controlled by the finding that they were not seriously

insisted on by his counsel at the hearing before the auditor.   If they were not then urged seriously and in good faith as a ground of claim, the plaintiff cannot now complain that they were disregarded by the auditor.   There was no error, on the facts reported, in treating these charges as waived or abandoned by the plaintiff; and we find no error in the judgment rendered by the county court in favor of the defendant on the report of the auditor.   That judgment is accordingly affirmed.