HUBBARD JOSLYN v. ORINDA AND CHARLES O. PARLIN.

[IN CHANCERY.]

*Condition in Deed for Support. Costs.*

1. The conditions in a deed for the support of the grantor during her life, may be performed by another person than the grantee ; hence, the owner of a mortgage executed by the grantee, under a decree of foreclosure, is entitled to the possession, on his performing the conditions, as against a tenant of the grantor.
2. An action of trespass in favor of such tenant against such mortgagee is perpetually enjoined.
3. The decree of the Court of Chancery on a question of costs alone will not be disturbed.
4. Reasonable and necessary counsel fees allowed one of the defendants.

BILL to enjoin an action at law brought by one of the defendants, to have determined the rights of the parties to certain premises. Heard, ·February Term, 1880, Orleans County, RED-FIELD, Chancellor. The bill set forth that John Parlin and Orinda Parlin, December 16, 1848, conveyed certain premises to John G. Parlin with the following condition in the deed :

" The condition of the above instrument is such that if the said John G. Parlin shall, well and faithfully support John Parlin, uncle to' said John G. Parlin and Sarah Parlin, wife of the said John Parlin, and Mary Parlin, mother of the said John Parlin and grandmother to the said John G. Parlin and also Orinda Parlin, aunt to the said John G. Parlin, and sister to the said John Parlin, being the entire family of the said John Parlin, that live with him during the period of their natural lives, and provide for them suitable meats, clothing, room, fire, nursing and medical attendance in sickness and health, and all things necessary for their comfort and support, and shall furnish the said John, Sarah, Mary, and Orinda with a good, suitable horse and carriage when they shall wish to visit friends and connections, or ride out for their health, and furnish the said John· Parlin a reasonable quantity of spending money, and shall pay all expenses of their sickness and all funeral charges after their death, and shall provide all things necessary for their comfort and support, and in that case this deed is to have full force and effect, but if

the said John G. Parlin shall fail of the aforesaid conditions, then this deed is to be void and of no effect."

The bill also alleged that said John G. Parlin and his wife, June 4, 1872, executed a mortgage of said premises to the said Hubbard Joslyn ; that the said John G. and wife, July 31, 1875, conveyed by quit-claim deed said premises to said Orinda ; that said Joslyn brought his petition to foreclose said mortgage to the September Term, 1875 ; that he obtained a decree ; that it became absolute April 1, 1877, " excepting and reserving from the operation of this decree all rights secured to the said Orinda Parlin in and by the conditions in the deed of John Parlin and Orinda Parlin to said John G. Parlin to maintenance and support " ; that, on May 3, 1877, by virtue of a writ of possession he was put in possession subject to the rights of said Orinda; that a sheriff ejected defendant Charles Parlin (a son of John G.) who, the said Orinda claimed was her tenant ; that said Joslyn informed said Orinda that he would provide for her a good and comfortable support in accordance with the deed of December, 1848 : that he conveyed, April 28, 1877, said premises to the orator, S. M. Worthly, subject to the rights of said Orinda ; and that said Charles Parlin had commenced an action of trespass against the orators, for directing the sheriff in the service of the writ of possession, &c. The bill prayed :

" That said suit at law may be enjoined. Also that the court shall determine and decree what the respective rights and equities of the petitioners and said defendants in the premises are, and where, how and in what manner the said defendant Orinda shall or may be supported by the petitioners, or to order and decree some reasonable annual allowance to be paid to said Orinda for and in lieu of the support secured to her by said deed of December 16, 1848, and for general relief."

Orinda Parlin answered in part :

That John G. went into possession of said premises, and performed the conditions thereof as to this defendant, Orinda Parlin, to a considerable extent until the year A. D. 1875, at which time all the persons mentioned to be taken care of except her had deceased ; that a part of the funeral expenses of said persons who had before then died have never been paid by said John G. ; . . . . that said John G. had a large family, and had then become

poor and unable to support her according to the conditions of said deed, and declined and refused to do so, and that she was at that time nearly eighty-three years of age, destitute, and in an unfortunate condition, and without a shelter in her old age, but for her right and claims upon said premises, and to save the expense of legal proceedings on her part to obtain possession of said premises for his failure to perform as aforesaid, the said John G. surrendered and conveyed the same to her, that she might hold the same and support herself, and be indemnified in all particulars for his failure to perform, and for all expenses and annoyances in consequence thereof.

And this defendant says she has always lived with her own kin, and is so constituted that at her age and with her sensitiveness she could not live with strangers; that when said John G. surrendered up said premises to her in July, 1875, she went into possession of them, and that some time in March, 1877, she leased said premises to Charles Parlin, a son of the said John G. Parlin, for one year from said date, upon conditions that he should live on said farm with his family, and support and furnish her during the year with a home with them, and carry the said farm on, and have the use of it for so doing ; and says that said Charles went into the possession of said premises, and went to doing the spring's work, and had been to considerable labor and expense in plowing, drawing out manure, sowing wheat, doing necessary work on said premises, and taking care of this defendant, and says the arrangement was in every respect a very advantageous one for said Joslyn, if he were to be at the expense of her support, and that no one except him, who was a proper person to snpport her, would have been willing to have done it for the use of said farm that year.

Charles Parlin answered, in part :

And alleges that said Orinda, in the spring of 1877, desiring to live with some of her kindred, leased said farm for the term of one year to the said Charles, in consideration of her support by him during said term ; that he then went into occupation of said premises as tenant of said Orinda; that she lived with him upon said premises ; that he commenced doing the spring's work thereon, and that he had been at considerable expense in and about the same, and in taking care of Orinda ; that Orinda required constant care, and was feeble, and quite liable to be sick.

The following decretal order was made at the February Term, 1880:

This cause was heard on bill, answer, traverse and testimony, and the cause, without prejudice, is referred to the Hon. JONATHAN ROSS, as

special master, to consider all testimony taken in this case and filed, and hear further testimony and report to this court.

1st. Whether the support offered, at the premises on which it is secured, by the orator, is fair, just and sufficient, as secured to her by the deed of December 16, 1848.

2d. What have been the fair and just expenses of her support in the past from the time that the orator took possession of the premises in controversy, under his decree of foreclosure up to the first day of the next term of this court.

3d. What would be a just equivalent in an annual stipend in money in lieu of such support.

4th. What necessary expense, if any, has been caused by the orator to the said Orinda by ousting the said Charles O. Parlin, or of necessary legal expense forced upon her by any wrongful act of the orator.

5th. Any other fact the solicitor of either party claims has a legal bearing upon any of the above inquiries.

TIMOTHY P. REDFIELD, Chancellor.

This case was heard by the special master on July, 1880, and his report filed at the then following September Term, where said cause was heard by Chancellor REDFIELD, and the following decree made :

Upon the incoming of the master's report it is ordered that the orator, Hubbard Joslyn, pay to the .defendant, Orinda Parlin, for past support the sum of three hundred sixty three 48-100 dollars ($363.48), within sixty days, with interest from the first day of this (September) term of court. And that in addition thereto he pay to the said Orinda the annual stipend of one hundred dollars per annum in semi-annual instalments, continuously, until the further order of this court, or until she shall elect to return to the farm on which her support is secured, in which case the orator, Joslyn, shall, upon the premises, give her support and care according to the conditions of the deed of December 16, 1848, set forth in the orator's bill.

The orator is to pay the master's fees, and no cost is to be taxed. And to provide for the contingency that the condition of the said Orinda may hereafter be changed, and the expense of her support materially varied, it is ordered that the case may be continued on the docket of this court, that a supplementary order may hereafter be made, in case of material change in the condition of the parties.

*A. D.* and *H. C. Bates*, for the defendant.

An agreement to support by a child, or of the kind shown is a personal contract and cannot be assigned. The contract was for

43

the performance of certain services by John G. Parlin personally for their comfort and welfare. *Dunklee* v. *Adams*, 20 Vt. 419 ; *Henry* v. *Tupper*, 29 Vt. 370 ; *Devereaux* v. *Cooper*, 11 Vt. 103 ; *Bryant* v. *Erskine*, 55 Maine, 153 ; 59 Me. 165 ; 12 Allen, 586 ; 2 Allen, 546 ; 15 Mass. 263 ; 9 N. H. 201 ; 36 N. H. 141 ; 40 N. H. 34 ; 1 Jones Mort. s. 388.

Where a mortgage is conditioned for support for life a grantee must prove consent to redeem. 59 Me. 165 ; 55 Me. 153. The writ contained no saving clause as to Orinda's rights as provided in the deed ; such being the case the writ was void, and no justification as to Orinda. *Adams* v. *Whitcomb*, 46 Vt. 710.

John G. having failed to perform the condition, she had a right to the premises, and the orators had no right to interfere with her possession. A party forcibly put out of possession of premises, is entitled to restitution of the same even as to one having title and right of entry. *Dustan* v. *Cowdry*, 23 Vt. 631 ; *Whittaker* v. *Perry*, 38 Vt. 107 ; *Carpenter* v. *Barber*, 44 Vt. 441 ; R. L. 1304, 1306.

*Young, Edwards & Dickerman*, for the orators.

The condition of the deed does not require the said Orinda to be supported and maintained upon the farm, but she should be supported according to the condition of the deed at some convenient and suitable place. *Wilder* v. *Whittemore*, 15 Mass. 261 ; *Flanders & Wife* v. *Lamphere*, 9 N. H. 201 ; *Rhodes* v. *Parker*, 10 N. H. 83. If support is not furnished on the place it must be so required as not to impose any additional burden upon the mortgagor. *Currier* v. *Currier*, 2 N. H. 73 ; *Flanders* v. *Lamphere*, 9 N. H. 201 ; *Wilder* v. *Whittemore*, 15 Mass. 260 ; *Pettee* v. *Case*, 2 Allen, 548 ; *Riker* v. *Fiske*, 20 Pick. 499, 504 ; *Hubbard* v. *Hubbard*, 12 Allen, 586.

A part of the condition having been performed by John G. Parlin, his rights in relation to the property are precisely the same as though he had executed a mortgage or life lease to John and Orinda Parlin. An assignee or subsequent mortgagee may be admitted to perform the contract in the future. *Austin* v. *Raymond*, 9 Vt. 420 ; *Henry* v. *Tupper et als.*, 29 Vt. 358 ; *Cooney*

v. *Hayes*, 40 Vt. 478 ; 25 Vt. 558 ; 9 Allen, 128 ; 35 Me. 41 ; 35 Vt. 449 ; 31 Vt. 186 ; 1 Jones Mort. s. 393 ; 17 Vt. 216 ; 42 Vt. 565 ; 6 Conn. 338 ; 27 Me. 242.

The opinion of the court was delivered by

TAFT, J. The premises in question were conveyed to John G. Parlin by deed with a condition, among other things, that he should faithfully support the defendant, Orinda Parlin, supplying her with all things necessary for that purpose, specifying them in detail. The orators claim under a conveyance from said John G. The defendants contend that the conditions of the deed cannot be performed by any one except the grantee ; that the contract requires the performance of the duties specified in it, by him personally. There is force in the suggestions, made upon this point, by the defendant's counsel. Such contracts are usually made between relatives, and, generally, on the part of aged people, for the purpose of making " the residue of a declining life a period of comfort and enjoyment." But courts must construe contracts as made by the parties, in the light of all legitimate surrounding circumstances. Parties to such contracts may expressly stipulate that the support to be furnished under them shall be provided by one personally, and if not so done, that the estate shall be forfeited. Shall we give the contract in question that construction ? It is well settled in this State that a court of equity may in its discretion grant relief from the forfeiture of an estate, conditioned for the maintenance and support of a person, where the forfeiture is incurred, and the relief is asked, by the original party to the contract. *Austin* v. *Austin et al.*, 9 Vt. 420 ; *Henry* v. *Tupper et al.*, 29 Vt. 358. In *Weeks* v. *Boynton*, 37 Vt. 297, the suit was between the original parties to the contract, and the condition similar to the one under consideration ; and the court said that equity would relieve the defendant from a forfeiture " on such terms as would provide a full compensation and indemnify for all which he has lost by reason of the breach complained of." In *Dunklee* v. *Adams, Admr.*, 20 Vt. 415, where relief was refused, the decision was put upon the ground, that upon the facts in that

*

case, relief ought not to be granted, and not that the court had no power to do it. But the question is made in this case whether the obligation to furnish support to said Orinda during her life, can be discharged by an assignee of John G. Parlin, the grantee in the deed. We think this question has been determined in the affirmative by the cases cited. In *Austin* v. *Austin et al.*, *supra*, the defendant Raymond was a subsequent mortgagee claiming under his co-defendant, who had given a mortgage conditioned for the support of his father, the orator, and the question was, as stated by the court, whether Raymond should be let in to perform the condition of the deed; and the chancellor (PHELPS) says : " As to future support, the contract is as susceptible of performance by Raymond now, as it was by Alanson in the outset "; and although it has been denied that this case is authority, upon this question, we think the principle of granting relief to an assignee is clearly recognized. In the case of *Henry* v. *Tupper et al.*, above cited, the question of granting relief in such cases was very thoroughly discussed, and decided in the affirmative ; and as the orator was an assignee, claiming under conveyances executed by the original party, and in no way connected with the father, whose support was secured by the contract, the case must be regarded as an adjudication of the question and decisive of the case at bar. Like relief was granted in the unreported case of *Hitchcock* v. *Richardson et al.*, heard in Rutland County at the January Term, 1881. The orator was a subsequent mortgagee, and was permitted to perform the condition of a devise by furnishing a home for a defendant, an obligation originally resting upon her brother who had mortgaged the estate to the orator. As to costs we see nothing to except this case from the general rule that this court will not disturb a decree of the Court of Chancery on the question of costs alone. 20 Vt. 272, 632. But as we understand the decree, it applies to costs only to the time of its rendition ; and as it becomes necessary that the case should be continued in court, for the reasons stated in decretal order, we think the defendant, Orinda, should be entitled to her costs (with all reasonable and necessary counsel fees) accruing after

the final decree at the next term of the Court of Chancery, as it is not her fault that the cause is retained on the docket. The suit of Charles O. Parlin should be perpetually enjoined.

The decree of the Court of Chancery is affirmed, and cause remanded.