J. R. FORD AND C. M. FORD v. ROBERT STEELE.

*Ejectment.   Conditional Deed.*

1. Under our statute, after condition broken, ejectment in favor of the mortgagee or conditional grantor may be sustained against the mortgagor or conditional grantee without a demand for the possession or re-entry.
2. The deed with a condition for the payment of money, was in legal effect a mortgage.*
3. The grantee in a conditional deed in an action of ejectment as a mortgagor, has a right to redeem, under the statute, R. L., s. 1254.

EJECTMENT.   Heard December Term, 1881, ROYCE, J., presiding.   Judgment for the plaintiffs.

It appeared that the defendant was and had been in possession of the premises under a conditional deed from plaintiffs since April 26, 1875; that the conditions both as to the payment of money and the maintaining of the fence were broken; but that some payments had been made.

No evidence was introduced to show, nor did it appear, that after any of the conditions were broken, re-entry into the premises by the plaintiffs, or either of them, had been made, or that any demand was ever made by plaintiffs, or either of them, upon the defendant for the possession of the premises.   The defendant claimed that recovery could not be had for want of such demand or re-entry.

Condition in the deed:

" The conditions of this deed are such that if the said Robert Steele shall pay or cause to be paid nine promissory notes, all being dated Dec. 1, 1874, and all payable to J. R. Ford or bearer, with interest annually; four of said notes are for fifty dollars each, the first payable on or before June first, 1875 ; the second on or before, &c. . . .   And that the said Steele shall build a good lawful fence on the north and east line of said lot and keep it in repair forever, then this deed to be in full force and virtue; otherwise to be null and void."

*Charles M. Wilds*, for the defendant.

If the grantors are to take advantage of the breach of the conditions, they must enter, if they can ; if they cannot, they must claim.

* See *Weston* v. *Landgrove*, 53 Vt. 375.

Ford *v.* Steele.

2 Green. Cruise, 40 ; 4 U. S. Dig. 559, 562 ; 2 U. S. Dig. 224 ; Reporter, Nov. 23d, 1881, p. 666. The defendant has a right to redeem, 15 Mass. 262 ; R. L., s. 1254 ; 2 Bl. Com. 154 ; 4 Kent Com. 126 ; 2 Bac. Ab. 316.

*L. E. Knapp,* for the plaintiffs.

The deed was in effect a mortgage. 25 Vt. 558. No demand or re-entry was necessary, R. L., s. 1247 ; 1 Aik. 329 ; 6 Vt. 345 ; 24 Vt. 165 ; 36 Vt. 311 ; 2 Conn. 445 ; 4 Kent Com. 106.

The opinion of the court was delivered by

POWERS, J. The conditional deed under which the defendant was in possession, was in legal effect a mortgage of the lands in question, by the defendant to the plaintiffs, to secure the performance of the conditions recited in said deed. *Austin* v. *Downer*, 25 Vt. 558.

At the common law, as between the mortgagor and mortgagee, the legal estate and right of possession was in the mortgagee, *before* as well as after condition broken. But under our statute, *until* condition broken, the legal right of possession is in the mortgagor. R. L., s. 1258. After condition broken, the rights of the parties are left by this statute as they stood at common law.

At common law, the mortgagor in possession was a tenant at sufferance merely, and so might be evicted without notice to quit, or demand for possession. Taylor's Landlord and Tenant, 7th Ed. ss. 474, 703 ; 8 B. & C. 767 ; Adams on Ejectment, 4th Ed. 105 ; *Fuller* v. *Wadsworth*, 2 Iredell, 263.

Under our statute the same tenancy exists *after* condition broken. *Mason* v. *Gray*, 36 Vt. 311. It follows that ejectment may be sustained without a demand for the possession.

There was no error in the rulings below, but on motion of the defendant the judgment is reversed, *pro forma*, to the end that the defendant may seek a redemption under the provisions of Chap. 69 of Revised Laws.