OTTAQUECHEE SAVINGS BANK, *v.* BENJAMIN L., TRUMAN R., AND NATHAN L. HOLT.

[In Chancery.]

*Mortgage. Life Support. Assignee. Notice to President of Bank. Cost.*

1. A mortgage to secure an agreement to support another during life is assignable; and the condition may be performed by an assignee, unless the support is required by the mortgage to be furnished personally.
2. And if assigned, the amount agreed upon in good faith between the assignee and the mortgagor to be paid for the support, is the sum to be paid by a subsequent mortgagee on redemption, and not what a master found was the actual cost of supporting, although the agreement was made after the second mortgage was given, the subsequent mortgagee taking its mortgage with knowledge that there was a controversy over what was to be paid on the first mortgage.
3. Notice to the president of a bank is notice to the bank. The record of a mortgage in the town clerk's office is constructive notice.
4. A defendant should be allowed his costs upon a bill to redeem.

IN CHANCERY to foreclose a mortgage and redeem.

Heard on petition, answer of Nathan L. Holt, and master's report, December Term, 1884, Windsor County, POWERS, Chancellor. Taken as confessed by Benjamin L. and Truman R. Holt.

The court decreed *pro forma*, and without hearing, that the petitioner pay to Nathan L. Holt, the sum found due him on notes of Benjamin L. Holt by the master, $1,487.09; and that the petitioner have foreclosure against Benjamin L. and Truman R. Holt.

On the 26th day of March, 1867, Benjamin L. Holt mortgaged his farm to his father, Nathan Holt, conditioned: "Provided, nevertheless, that if the said Benjamin L. Holt shall furnish suitable food, drink and medicine, clothing, etc.,  *  *  *  necessary for the support and comfort of the said Nathan Holt and my.sister, Louisa, according to their degree, etc.,  *  *  *  during the remainder of their natural lives, etc.,  *  *  *  and perform all and singular the several covenants herein contained, then this deed to become null and void, otherwise to be and remain in full force."

The master found said Nathan was about 80 years old; that said Louisa was subject to fits, and incapable of taking care of herself; that the consideration paid for the support was $2,000; that the mortgage was duly recorded in the town clerk's office the same day that it was executed, March 26, 1867; that Benjamin L. supported his said father and sister till a different arrangement was made for their support between Benjamin and Nathan L. Holt, a brother of said Benjamin, in 1871, at the request and approval of their said father; that prior to June 28, 1871, said Nathan had made known to Nathan L. his dissatisfaction with the support furnished himself and Louisa; that on the said 28th day, the said Nathan L. and his son, Herman Holt, went to said Benjamin's house, and proposed that the father and sister should live with said Nathan L.; that Benjamin, being willing to support them, did not at first assent to this; that the said Herman told him if he did not, that the mortgage would be foreclosed, etc.; that he further told Benjamin that he wished to go and live with his son, Nathan L.; that at this time finally an agreement was made between Benjamin L. and Nathan L., with the approval of their father, that he and Louisa were to live with Nathan L., and be supported by him, according to the conditions of the mortgage, and that Benjamin L. was to pay him "what was right for it." At this time the said Benjamin L. signed

a writing by which he agreed that the said Nathan might transfer the said mortgage to said Nathan L. Holt, in consideration of his promise to support.

On the 5th day of July following, Benjamin L. had an interview with his father, the result of which was, that he told Benjamin that he might inform Nathan L. that he had concluded not to go away from Benjamin's. On the same day Benjamin L. reported what his father had said, and notified Nathan L. that he declined to go on with the contract. Immediately said Herman, with the approval of his father, Nathan L., went to Benjamin's house, and in his absence, took away the said Nathan and Louisa; but the master found that he was satisfied that they were willing to go.

On the 6th day of July, 1871, the said Nathan assigned the mortgage in due form to Nathan L., and the assignment on the same day was properly recorded. Benjamin L. was not present, but sometime afterwards he knew of it, and went on and negotiated with Nathan L. as to the support of their father and said Louisa, with the understanding that he was to have the benefit of the mortgage. They failed to agree as to the price, and chose arbitrators to decide. One of the arbitrators was N. T. Churchill, who was president of the said Ottaquechee Savings Bank from 1870 to 1876. Both Nathan L. and Benjamin L. notified said Churchill of the subject matter of the difference between them, which they had agreed to submit to him. On November 2, 1872, said Benjamin L. Holt executed to the orator a mortgage on the farm covered by the first mentioned mortgage. The bank mortgage was conditioned for the payment of $2,000.

The business as to this loan and taking the mortgage was done principally with said Churchill, who was notified by said Benjamin of the first mortgage. The other officers did not know of it. The arbitrators were not called out; and on March 14, 1873, Nathan L. and Benjamin met and agreed on the sum to be paid for the support of their father and

sister, namely; $1,750. Two notes of $550 and $1,200 were given at this time, dated back to July 1, 1871, and payable respectively, April 1, 1875, and April 1, 1878. A writing was attached to each note and signed by Benjamin L. Holt, stating that the notes were given "in full for the support of Nathan Holt and Louisa Holt, and when both are paid the mortgage securing said support is to be immediately discharged." A memorandum of the notes and writings was indorsed on the back of the mortgage and recorded in the town clerk's office, on March 18, 1873.

The master also found that the father and sister lived several years, and were supported by said Nathan L. according to the terms of the mortgage; that it "was reasonably worth" $2.75 per week each to support them, amounting to $1,537.87; that payments had been made by Benjamin L. and the balance due Nathan L. on the notes was $1,487.09.

*French & Southgate,* for the orator.

Nathan L. Holt cannot set up the mortgage as an encumbrance. The condition was personal, to be performed by the mortgagor, Benj. L. The assignment was of no validity. 1 Jones Mort. s. 388; *Flanders* v. *Lamphear,* 9 N. H. 201; *Rhodes* v. *Parker,* 10 N. H. 83; *Bethlehem* v. *Annis,* 40 N. H. 34; *Eastman* v. *Batchelder,* 36 N. H. 141; *Bryant* v. *Erskine,* 55 Me. 153.

Benjamin L. being willing to support, there was no breach of the condition. Jones Mort. s. 391; *Jenkins* v. *Stetson,* 9 Allen, 129; *Thayer* v. *Richards,* 19 Pick. 398. *See* 10 Mich. 455.

In any event, the mortgage can be a security for only what it was reasonably worth to support them. Jones Mort. s. 361; 7 Johns. Ch. 15; *Gardner* v. *Emerson,* 40 Ill. 296. *See* 10 Me. 292; 57 Me. 322.

*Hermon Holt,* for the defendant.

The mortgagor was bound to furnish support at any rea-

sonable place the mortgagee might select. 1 Jones Mort. s. 388; *Lanfair* v. *Lanfair*, 18 Pick. 299; 2 Wash. Real Prop. 71; *Wilder* v. *Whittemore*, 15 Mass. 262; *Pettee* v. *Case*, 2 Allen, 548; *Austin* v. *Austin*, 9 Vt. 420; 1 Hill. Mort. 3; *Wright* v. *Wright*, 49 Mich. 624.

Giving the two notes did not affect the mortgage. *Seymour* v. *Darrow*, 31 Vt. 122; *Rice* v. *Clark*, 10 Met. 500.

The assignee could perform the condition in the mortgage. 2 Story Eq. s. 1018; 1 Hill. Mort. 501; 4 Kent Com. 142; *Morrill* v. *Morrill*, 53 Vt. 74; 1 Jones Mort. 803; 2 Wash. Real Prop. 66; *Joslyn* v. *Parlin*, 54 Vt. 670.

A mortgage to secure an unliquidated debt is valid. *Stoughton* v. *Pasco*, 5 Conn. 442. The debt need not be fully stated. 7 Cranch (11 U. S.), 36; *P. Savings Bank* v. *First Nat. Bank*, 53 Vt. 82; *Hurd* v. *Robinson*, 11 Ohio St. 232. The bank had notice.

The opinion of the court was delivered by

TAFT, J. Petition to foreclose a mortgage as to Benjamin L. and Truman R. Holt, and to redeem another mortgage as to Nathan L. Holt.

The petitioner contends that the condition of the mortgage given by Benjamin L. Holt to secure the support of Nathan Holt was personal, and could only have been performed by Benjamin personally. This mortgage was assigned by Nathan Holt to the defendant, Nathan L., and the latter agreed with Benjamin to perform the conditions thereof, and has fully done so. It is too late for Benjamin to say that such agreement and assignment were void. Under the circumstances, as shown by the master's report, our courts hold that the performance of the condition of a mortgage given for the support of a person may be performed by an assignee, unless such support is required by the terms of the instrument, to be furnished by one personally. *Joslyn* v. *Parlin*, 54 Vt. 670.

In this case it would be unjust, after Nathan L. has per-

formed the condition of the mortgage which had been as-signed to him by the mortgagee with the consent of Benjamin, to say that Nathan L. shall not have the benefit of it. The transfer was valid.

The mortgage sought to be redeemed was properly recorded. The petitioner had constructive notice of it, and took its own mortgage in subordination to it. The president of the petitioning bank had actual notice of it; and notice to the president was notice to the bank. *Porter* v. *Bank*, 19 Vt. 410. See *Hart* v. *Bank*, 33 Vt. 252.

The mortgage was conditioned for the support of Nathan and Louisa Holt; and after Nathan L. agreed with Benjamin that he, Nathan L., would support them, and Benjamin had agreed to pay him for so doing, Nathan L. and Benjamin agreed upon the sum which should be so paid, and the latter executed his two notes for the same. Nathan and Louisa are both dead; and the master reports the amount that it cost Nathan L. to support them and comply with the other conditions of the deed; and the petitioner insists that, if compelled to redeem, it should pay this sum instead of the amount agreed upon and expressed in the two notes. I am inclined to think this view is correct; but my brethren think otherwise, and hold that, as the bank was affected with notice to its president, and he had notice of the controversy between Benjamin and Nathan L., that they were then attempting to settle upon the amount which Benjamin should pay Nathan L., attempting to make the amount a fixed one, and agreeing upon a mode of settlement by arbitration, that it should be bound by the settlement, if fairly and honestly made, although made after the bank had taken its mortgage.

There is no claim of fraud in the settlement; it is clear that it was a reasonable one; and the court hold that the amount to be paid by the petitioner is the sum due upon the two notes as stated in the report.

There is nothing in this case to vary the general rule as

to costs, which is, that upon a bill to redeem, the defendant is entitled to costs.

The decree is affirmed and cause remanded. The defendant, Nathan L., to recover costs.