.ELIZA E. ABBOTT *v.* JOHN D. SANDERS ET UX.
May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed June 5, 1907.

*Mortgages—Deeds Conditioned for Support—Foreclosure—Suf-
ficiency of Bill.*

A conveyance conditioned for the support of the grantor will be treated
as a mortgage, whatever the form in which the support is to be
furnished, and upon breach by the grantee, equity may grant re-
lief by foreclosing and extinguishing his rights under the convey-
ance.

A bill in equity to foreclose and extinguish defendant's rights in a con-
veyance to him by the oratrix conditioned for her support, which
alleges persistent and aggravated abuse of the oratrix for the pur-
pose of driving her from the premises, and discloses no fact that
could afford any excuse or palliation, need not aver readiness to
do equity, since, on the allegations, the rules of equity would afford
no relief to defendant.

APPEAL IN CHANCERY, Addison County. Heard at Cham-
bers, September 24, 1906, on demurrer to the bill. Decree, *pro
forma,* that the demurrer be overruled, the bill adjudged suffi-
cient and taken as confessed, and decree for the orator accord-
ing to the prayer of the bill. The defendant appealed.

*William H. Bliss* for the orator.

The situation is the same as if the oratrix had given a deed
and taken a mortgage back to secure the agreement for her sup-
port, and foreclosure is the proper remedy. *Moulton* v. *Ins.
Co.,* 52 Vt. 123; *Ford* v. *Steele,* 54 Vt. 562; *Darling* v. *Robbins,*
60 Vt. 347; *Barnes* v. *Dow,* 59 Vt. 530; *Hoyt* v. *Hoyt,* 77 Vt.
244; V. S. §§970, 971.

*Davis & Russell* for the defendants.

The oratrix seeks to enforce a forfeiture, and this a court of equity never does. Pomeroy, Eq. §459; *Woolen Co.* v. *Newton,* 57 Vt. 451; *Copper Mining Co.* v. *Ormsby,* 47 Vt. 709; *Dunklee* v. *Adams,* 20 Vt. 423; *Birmington* v. *Lessan,* 77 Me. 494; Eaton, Eq. 110.

MUNSON, J.   The bill sets up a conveyance of real and personal property from the oratrix to the defendant husband, conditioned that the grantee support the oratrix during her life; alleges a substantial breach of the condition; and prays for a decree declaring the defendants' rights forfeited, and their title and equity extinguished and foreclosed.   The bill is demurred to.

The defendants contend that the case presented is one of forfeiture by breach of a condition subsequent, and that forfeitures will not be enforced by a court of equity.   It is held, however, with substantial unanimity, that equity will afford relief from conveyances given for support, on non-performance of the agreement to support; although there is great disagreement as to the grounds and form of the relief.   13 Cyc. 710; 2 Pom. Eq. Rem. §686 and notes; *Glocke* v. *Glocke,* 113 Wis. 303.

In many cases, in different jurisdictions, deeds given to secure the grantor's support have been annulled on general grounds of equity, without much attempt to refer the relief to any specific rule.   *Peck* v. *Hoyt,* 39 Conn. 9; *Penfield* v. *Penfield,* 41 Conn. 474; *Jenkins* v. *Jenkins,* 3 T. B. Mon. 327; *Reeder* v. *Reeder,* 89 Ky. 529; *Patterson* v. *Patterson,* 81 Iowa 626; *Dodge* v. *Dodge,* 92 Mich. 109; *Rexford* v. *Schofield,* 101 Mich. 480; *Wilfong* v. *Johnson,* 41 W. Va. 283.   In Illinois the court rescinds the transaction, presuming, if necessary to the relief, that the conveyance was obtained with fraudulent intent.   *Frazier* v. *Miller,* 16 Ill. 48; *Oard* v. *Oard,* 59 Ill. 46; *Cooper* v. *Gum,* 152 Ill. 471.   In Oregon it is considered that rescission is not permissible, and the grantor's support is secured by making it a charge upon the property.   *Watson* v. *Smith,* 7 Ore. 448; *Patton* v. *Nixon,* 33 Ore. 159.   In Rhode Island a reconveyance is decreed, upon the theory that the deed creates a continuing obligation in the nature of a trust, and that the failure to support is a renunciation of the trust.   *Grant* v. *Bell,* 26 R. I. 288. In Indiana the agreement to support is considered a condition

subsequent, the breach of which entitles the grantor to re-enter and maintain a suit to quiet the title. *Richter* v. *Richter,* 111 Ind. 456; *Cree* v. *Sherfy,* 138 Ind. 354. In Wisconsin it was formerly considered that this ground of relief was not tenable, but this view is repudiated in the recent case of *Glocke* v. *Glocke,* 113 Wis. 303. It is said in that case that the property conveyed is held on condition subsequent; that upon a breach of the condition the title will revert, at the election of the grantor, without judicial aid; and that the grantor can have in equity "such appropriate relief as may be necessary to judicially establish his status as regards the property and quiet his title thereto."

The form that the equitable remedy will take in this State is determined by our holding regarding conditional deeds. With us, a conditional deed is treated as a mortgage to secure the grantee's performance of the condition contained in the deed. *Austin* v. *Downer,* 25 Vt. 558; *Ford* v. *Steele,* 54 Vt. 562; *Moulthrop* v. *Farmers Mu. Ins. Co.,* 52 Vt. 123. In the case last cited the holder of an insurance policy gave a deed of the insured property with a condition that if the grantee failed to pay him a certain sum as provided in the condition the deed should become null and void. The question was whether this avoided the insurance under the clause prohibiting alienation. The court could not see wherein this differed from the ordinary case of the conveyance of an absolute title with a mortgage back to secure a payment of purchase money, saying that here the defeasance was inserted in the deed of conveyance, while in the ordinary case of conveyance and mortgage the defeasance is inserted in the latter, but that in such a case both instruments are construed together as one and the same contract, effectuating the conveyance of a defeasible title to the purchaser. So the insured's deed was held an alienation of the property, avoiding the insurance.

The situation being the same as if the condition were omitted from the oratrix' deed and contained in another deed given back by the defendant husband, it is clear that the rights of the defendants may be foreclosed by bill. In this State, a conveyance conditioned for the support of the grantee is treated as a mortgage, whatever the form in which the support is to be furnished. *Austin* v. *Austin,* 9 Vt. 420; *Henry* v. *Tupper,* 29 Vt. 358; *Ottaquechee Sav. Bk.* v. *Holt,* 58 Vt. 166, 1 Atl. 485.

It appears from the bill that this deed was for an expressed consideration of three hundred dollars, and that the defendant husband paid some over that amount in discharge of a mortgage on the premises. There is no further allegation regarding this, and it is claimed that the bill is demurrable for want of an offer to do equity. The bill sets up a persistent and aggravated abuse of the oratrix, alleges that this was inflicted with intent to drive her from the premises, and discloses no fact or circumstance that can operate by way of excuse or palliation. The rules of equity do not permit any relief of the defendants on the case presented, and it was therefore unnecessary to aver a readiness to do equity.

*Pro forma decree affirmed and cause remanded.*