## Baugh, et al, v. Baugh, et al.

(Decided February 3, 1914.)

## Appeal from Logan Circuit Court.

Deeds—Breach of Agreement To Support Grantor.—While the weight of authority is to the effect that a contract to support the grantor during his lifetime, contained in a deed from a parent to his child, cannot be delegated to a stranger; yet, where there has been no attempt to transfer the property conveyed, and the grantees are discharging the obligation to support, through the agency of a brother instead of in person, and there is no substantial breach of the condition charged, the conveyance will not be canceled; there being no stipulation in the deed requiring the grantees to remain upon the place or to live with the persons to be supported.

OSCAR M. SMITH, John S. RHEA for appellants.

BROWDER & BROWDER and HOWARD & GRAY for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On February 13, 1902, G. M. Baugh, then more than seventy years of age, together with his wife, executed to their sons, E. K. Baugh and C. L. Baugh, a deed conveying to them certain lands in Logan County. The consideration of the conveyance, in the language of the deed, was as follows:

"In consideration of the agreement of parties of the second part to clothe, feed, furnish drugs, medicine and a physician when needed, take care of and provide for in a suitable and comfortable manner, the parties of the first part during their lifetime and decently and properly inter them when dead, and to provide for, support and maintain the daughter of parties of first part, Jennie Baugh, during her lifetime, or while she shall remain unmarried." The deed also contained this further provision:

"The parties of the second part are to have and to hold the said property forever, provided they shall clothe, feed, and furnish medical attention, to take care of and provide for in a suitable and comfortable manner, the parties of the first part and their daughter, Jennie Baugh; and, in the event they should fail to so provide for and take care of said parties of the first part and their said daughter, or either of them, during the lifetime of

said first parties, then said land shall revert to said first parties, and be held by them as it is now held. Should said first parties die, and after their death and before the marriage of the said daughter, Jennie Baugh, second parties should fail to provide for and take care of her in the manner described above, then and in that event, the title to said land shall pass to the said Jennie Baugh, and be held by her in fee simple.''

G. M. Baugh died September 7, 1903. His widow and daughter, Jennie Baugh, on January 3, 1913, instituted in the Logan Circuit Court, an action in equity against the grantees in said conveyance, praying a cancellation thereof, for alleged failure upon the part of said grantees to perform the condition subsequent in the conveyance mentioned. The breach of said condition, as charged in the language of the petition, was that the said grantees ''have failed and refused, and do now fail and refuse to *live with,* clothe, feed, or furnish medical attention to, take care of or provide for in a suitable or comfortable or any manner, these plaintiffs or either of them, as they agreed and covenanted to do.''

The defendants answered, denying the breach of the obligation to support; and upon submission of the case to the chancellor, the prayer of plaintiffs for a cancellation of the conveyance in question was denied. From that judgment this appeal is prosecuted.

It was shown by the evidence that the two sons to whom the conveyance was executed, remained on the land until August, 1904, the unmarried one residing in the house with appellants, the other son, who was married, residing on another part of the farm; and that during said period they continued in the proper and satisfactory discharge of their agreement in the deed contained; that they then left the farm and went to Lewisburg; but arranged with another brother to stay on the place and to continue to perform, for them in their behalf, the agreement to support appellants. It was further shown that said brother has continued to do this in an acceptable manner up the the time of the taking of the testimony herein.

It is not seriously contended by appellants that they have been mistreated or neglected by this brother in any manner, or that there has been any breach of the agreement to support; except that, as appellants claim,

the same is a contract for *personal services* and it is not being performed *personally* by the two sons to whom the conveyance was executed, for the reason that they are not living on the place with appellants, their mother and sister. It is true, there is some proof to the effect that the appellants have had to do, or rather have voluntarily done, housework and the tasks usually performed by the women of a household in like circumstances; but, without an express stipulation in the conveyance, or evidence amounting to such stipulation, it should not be held to have been in contemplation of the parties to contracts of this character, that the persons to be supported shall be maintained in absolute idleness; but rather that such persons should, if able, and with due regard to their condition, position, and customary habits at the time of the conveyance, and the value of the property so conveyed, continue to assist in caring for themselves.

Appellants really base their claim for cancellation upon the failure of appellees to continue to reside *in person* upon the farm conveyed to them, and upon the fact that appellees, instead of so doing, placed their brother thereon, and continued in the discharge of the obligation to support through the agency of said brother.

The contention of appellants is that where a conveyance is made by a parent to a child in consideration of the support and maintenance of said parent during his lifetime, such agreement is not assignable; and it may be conceded that the weight of authority is to this effect and that it is a correct rule. Eastman v. Batchelder, 36 N. H., 148, 72 Am. Dec., 295; Thomas v. Thomas, 24 Ore., 251, 33 Pac., 565; Bryant v. Erskine, 55 Me., 153; Gloke v. Gloke (Wis.), 57 L. R. A., 459; although, in Joslyn v. Parlin, 54 Vt., 670, it was held that the condition in a deed for the support of the grantor during his lifetime may be performed by another than the grantee, unless it is expressly stipulated in the conveyance that the support shall be furnished by the grantee *personally.*

But, in the cases cited, it was sought to convey the property to a stranger in blood, and to assign to him the obligation to support the grantor in the original conveyance, while in the case at bar, as far as the record shows, there has been no conveyance nor attempt to convey the property in controversy, by the original gran-

tees; and the services are being performed, not by a stranger in blood, but by a brother of the grantees, a son and brother of the widow and daughter respectively, under the supervision of the said grantees in the deed. There is no stipulation in the conveyance in question requiring the grantees to reside on the farm, nor with the appellants. The grantees are merely discharging their obligation to support their mother and sister, through the agency of a brother, instead of in person. And, that being the only substantial ground for the prayer for cancellation of the deed, the chancellor properly denied same.

Moreover, it was shown in evidence that the mother of grantees, when the two grantees left the farm and placed their brother there, did not object to the arrangement made, but seemingly agreed to it, as she says "Earl talked to me about it last of July or the first of August; said they believed they would leave the place and go to Lewisburg; said they could make more money; and I says 'Earl, what would we do, if you go? and he says 'We will get Brad to come and stay with you; he can do better than I can.' I first sorter laughed; I says, 'He can't saw a back-log by himself; two of you and one of him;' and Earl says, 'He can manage it better than I can; I can't make any money here.' I says, 'I want you to do the best you can, want you to go where you can make the most money, but I hate for you to leave me.' "

Appellees claim that appellants are estopped by their conduct, in accepting for so long, the performance of the contract to support, in the manner of its performance, of which they now complain; that is, through the agency of their brother, rather than in person; but what has been said dispenses with the necessity of passing upon this contention.

Judgment affirmed.